**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2003-DR-01337-SCT**

*RONNIE LEE CONNER*

*v.*

*STATE OF MISSISSIPPI*

**ON MOTION FOR REHEARING**

| | |
|---|---|
| DATE OF JUDGMENT: | 7/27/1990 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CYNTHIA A. STEWART |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MARVIN L. WHITE, JR. |
| NATURE OF THE CASE: | CIVIL - DEATH PENALTY - POST CONVICTION |
| DISPOSITION: | LEAVE TO SEEK POST-CONVICTION RELIEF, GRANTED - 10/07/2004 |
| MOTION FOR REHEARING FILED: | 07/01/2004 |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.    The motion for rehearing is granted. The original opinion is withdrawn, and this opinion is substituted therefor.

¶2.    In 2002, the United States Supreme Court held that the Eighth Amendment of the United States Constitution prohibited the execution of mentally retarded persons.[1]

---

[1] *Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242, 153 L.Ed. 2d 335 (2002).

However, the Court provided virtually no guidance on the implementation of its decision. Since *Atkins*, this state has struggled with implementation of that decision. Numerous death row inmates, whose trials concluded many years ago, have asked this Court to set aside their sentences of death. The only remedy available to such inmates before this Court is permission to proceed in the trial court with a hearing to determine whether they are mentally retarded. Not every inmate who requests a hearing is entitled to one. Hearings are granted only to those who provide us with a sufficient basis to conclude that they might be mentally retarded. We established the inmate's burden for obtaining such a hearing in *Chase v. State,* 873 So. 2d 1013(Miss. 2004) The case before us today involves an inmate who has met the test and is entitled to a hearing so that the trial court may determine whether he is, or is not, mentally retarded. If the trial court determines that he is, his sentence will be converted to life. If he is not, he will be executed.

¶3. Ronnie Lee Conner's 1990 capital murder conviction was affirmed by this Court on direct appeal, *see* *Conner v. State*, 632 So.2d 1239 (Miss. 1993), and his petition for writ of certiorari was denied by the United States Supreme Court. *See* *Conner v. Mississippi,* 513 U.S. 927, 115 S.C. 314, 130 L. Ed. 2d 276 (1994).

¶4. Thereafter, this Court denied Conner's application for post-conviction relief, *Conner v. State*, 684 So.2d 608 (Miss. 1996), and federal habeas corpus relief was denied by the United States District Court and the United States Court of Appeals for the Fifth Circuit, *Conner v. Puckett*, 271 F. Supp. 2d 909 (S.D. Miss. 2001), *aff'd mem. sub nom.* *Conner v. Epps,* 54 Fed. Appx. 791 (5th Cir. 2002). Certiorari was denied by the United States Supreme Court. *Conner v. Epps*, 124 S. Ct. 115, 157 L. Ed. 2d 79 (2003).

¶5.     Conner now brings before this Court a successive application to seek leave to file motion to vacate death sentence, claiming that he is mentally retarded and, therefore, exempt by *Atkins* from execution. Since *Atkins* was not decided until 2002, it constitutes an "intervening decision" of the United States Supreme Court, saving Conner's petition before this Court from being procedurally barred. Miss. Code Ann. § 99-39-5(2)(Supp. 2004). *See also* **Foster v. State**, 848 So.2d 172 (Miss. 2003).

¶6.     Pursuant to *Chase*, Conner can obtain a hearing only by presenting this Court with an affidavit from an expert which states, to a reasonable degree of probability/certainty, that Conner has an IQ of 75 or below and that, in the expert's opinion, there is a reasonable basis to believe that – upon further testing – he will be found mentally retarded.

¶7.     Conner has provided such an affidavit from Dr. Mark Zimmerman, who opined to a reasonable degree of medical certainty, based on his review of medical and psychiatric records and his examination of Conner, that Conner has a combined IQ of 65, and that he has a reasonable basis to believe that upon further testing, Conner will be found to be mentally retarded.

¶8.     Therefore, based on the requirements of *Atkins* and his having met our requirements as set forth in *Chase*, we find that Conner is constitutionally entitled to a hearing before the trial court to determine whether he is mentally retarded, and we grant him leave to seek post-conviction relief on that issue.

¶9.     **LEAVE TO SEEK POST-CONVICTION RELIEF, GRANTED.**

        **SMITH, C.J., WALLER AND COBB, P.JJ., AND CARLSON, J., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, GRAVES AND RANDOLPH, JJ., NOT PARTICIPATING.**