**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2003-DR-01337-SCT**

*RONNIE LEE CONNER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/27/1990 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CYNTHIA A. STEWART |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: MARVIN L. WHITE, JR. |
| DISTRICT ATTORNEY | E.J. BILBO MITCHELL |
| NATURE OF THE CASE: | CIVIL - DEATH PENALTY - POST CONVICTION |
| DISPOSITION: | APPLICATION FOR LEAVE TO SEEK POST-CONVICTION RELIEF DENIED - 06/17/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     Ronnie Lee Conner's 1990 capital murder conviction was affirmed by this Court on direct appeal, *see* ***Conner v. State***, 632 So.2d 1239 (Miss. 1993), and his petition for writ of certiorari was denied by the United States Supreme Court. *See* ***Conner v. Mississippi,*** 513 U.S. 927, 115 S.Ct. 314, 130 L. Ed. 2d 276 (1994).

¶2.     Thereafter, this Court denied Conner's application for post-conviction relief, *See* ***Conner v. State***, 684 So.2d 608 (Miss. 1996), and federal habeas corpus relief was denied by the United States District Court and the United States Court of Appeals for the Fifth

Circuit, ***Conner v. Puckett***, 271 F. Supp. 2d 909 (S.D. Miss. 2001), *aff'd mem. sub nom.* ***Conner v. Epps,*** 54 Fed. Appx. 791 (5th Cir. 2002). Certiorari was denied by the United States Supreme Court. ***Conner v. Epps***, 124 S. Ct. 115, 157 L. Ed. 2d 79 (2003).

¶3.     Conner now brings before this Court a successive application to seek leave to file motion to vacate death sentence, claiming that he is mentally retarded and, therefore, exempt from execution. *See* ***Atkins v. Virginia***, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002).

## DISCUSSION

¶4.     Since ***Atkins*** was not decided until 2002, it constitutes an "intervening decision" of the United States Supreme Court, saving Conner's petition before this Court from being procedurally barred. Miss. Code Ann. § 99-39-5(2). *See also* ***Foster v. State***, 848 So.2d 172 (Miss. 2003).

¶5.     This Court's recent opinion in ***Chase v. State,*** 2004 WL 1118688 (Miss. 2004), controls the analysis of the case sub judice and dictates that Conner not be allowed to file his current petition before the trial court. On a post-conviction request for an ***Atkins*** determination, the movant must present to this Court an affidavit from an expert who opines to a reasonable degree of probability/certainty that the defendant has an IQ of 75 or below and that, in the expert's opinion, there is a reasonable basis to believe that the defendant will be found mentally retarded.

¶6.     In this case, Conner has presented the affidavit of Dr. Mark Webb, who opines that Conner's IQ is 72. However, insofar as the second prong is concerned, Dr. Webb only makes the following statements:

- that Conner is functioning at a "borderline" level of intelligence

- that "One may conservatively opine that Ronnie Lee Conner functions at a markedly    low level of intelligence."

¶ 7.    These statements do not comply with the requirements of *Chase.* However, should Conner timely re-file this motion in conformity with the requirements of *Chase,* this court will consider it.

¶8.    The successive application to seek leave to file motion to vacate death sentence is denied.

¶9.    **APPLICATION FOR LEAVE TO SEEK POST-CONVICTION RELIEF, DENIED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND RANDOLPH, JJ., CONCUR. EASLEY, J., CONCURS IN RESULT ONLY. DIAZ AND GRAVES, JJ., NOT PARTICIPATING**.