766 So.2d 809 (2000)
Nathaniel A. THOMAS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01542-COA.
Court of Appeals of Mississippi.
August 29, 2000.
Glenn F. Rishel Jr., Jackson, Felicia Dunn-Cooper Burkes, Tom Sumrall, Gulfport, Attorneys for Appellant.
Office of the Attorney General by John R. Henry Jr., Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.
*810 IRVING, J., for the Court:
¶ 1. On July 9, 1998, a Harrison County Circuit Court jury returned a verdict against Nathaniel Thomas for armed robbery, aggravated assault, grand larceny and burglary of a dwelling. The trial court granted Thomas's ore tenus motion for judgment not withstanding the verdict as to the grand larceny conviction and dismissed the charge. Aggrieved by his convictions, Thomas appeals and presents one issue for our review:

WHETHER THE DEFENDANT'S TRIAL COUNSEL'S FAILURE TO SUBMIT A JURY INSTRUCTION ON THE DEFENDANT'S THEORY OF THE CASE IS PER SE INEFFECTIVE ASSISTANCE OF COUNSEL.
Finding no reversible error, we affirm.

FACTS
¶ 2. On April 13, 1997, at approximately 6:00 p.m., William McQuillan, seventy-nine years old at the time of the incident, and his wife, Elizabeth, heard a knock at the door of their home. William opened the door and found three young males standing at his door. William testified that one of the three young men approached him with a piece of paper in his hand and said that he was looking for a particular person. At this point, William stepped outside, closed the door behind him and began to talk to the young man with the paper. The young man said he was trying to collect money for a car he sold. William told the young man that he had not bought a car and that he had the wrong person. The three young men reluctantly left William's porch.
¶ 3. William further testified that later that evening, the three men returned. William opened the door and the same young man whom William had spoken with earlier stated that William was the person for whom they were looking. William stated that the other two men ran behind the first man and all three men pressed through the door and knocked William to the floor. William stated that one of the two men behind the first man held up a gun. The man with the gun told William to stay on the floor and turn over, while the other man tied William's hands. The suspects also tied Elizabeth to a chair. After they tied the McQuillans, the young men proceeded to destroy things in the house. In an effort to calm them down, William told them where they could find sixty-five dollars. Elizabeth also told them to take her car. The men took: the keys and drove off in Elizabeth's 1995 Mazda 626. Before leaving, the suspects took two watches and the $65. After freeing themselves, the couple called the police.
¶ 4. William was unable to identify Thomas. Elizabeth testified that Thomas was the young man who held the gun. Elizabeth stated that Thomas wore a blue and grey oversized jacket and the person that held her husband down wore a gold and black "Saints" sweatshirt. Elizabeth also testified that one of the young men remained outside and that he wore a grey hood.
¶ 5. Officer Moraway was "running stationary radar" on Highway 90 when he observed a Mazda traveling at approximately seventy miles per hour. He gave chase. During the chase, he discovered that the car matched the description given by the police "BOLO" (be on the lookout). The car turned and disappeared out of his view. Shortly afterwards, he received a call stating that a car had crashed. Moraway arrived at the scene and found that the car was the same car that he had been chasing. Other officers converged, and a search perimeter was set up. Officer Brazil found Thomas inside the search perimeter at approximately 7:00 p.m. Thomas tried to run; however, Brazil caught him.

ANALYSIS OF THE ISSUE PRESENTED

Was Thomas's trial counsel's failure to submit a jury instruction on Thomas's *811 defense theory per se ineffective assistance of counsel?

¶ 6. Ineffective assistance of counsel claims are analyzed under the test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Gilley v. State, 748 So.2d 123, 128 (Miss.1999). Strickland provides a two-prong test to determine counsel's ineffectiveness. Both components of the twoprong test must be satisfied in order to obtain reversal of a conviction. Strickland, 466 U.S. at 686, 104 S.Ct. 2052. Specifically, the appellant must show (1) specific acts or omissions on the part of trial counsel indicating deficient performance, and (2) the deficient performance resulted in prejudice to the defendant. Gilley, 748 So.2d at 128. The test is applied by giving deference to counsel's performance. Conner v. State, 684 So.2d 608, 610 (Miss.1996). Counsel is presumed to have rendered effective assistance. We have to consider the totality of the circumstances in order to determine whether counsel's actions were both deficient and prejudicial. Id. at 610. To overcome the presumption, the appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Gilley, 748 So.2d at 128.
¶ 7. Thomas argues that the trial counsel's failure to submit jury instructions based on his defense theory was tantamount to Thomas not being afforded the right to have the jury properly instructed on the principles of law. This, he concludes, resulted in ineffective assistance of counsel. Thomas's defense rested on mistaken identification.
¶ 8. The Mississippi Supreme Court has held that the failure to give an identification instruction, upon request, is reversible error where the identification of the accused rests entirely upon the testimony of a single witness. See Warren v. State, 709 So.2d 415, 420 (Miss.1998). In the case sub judice, the instruction was not requested. Moreover, Mrs. McQuillan's testimony was not the sole evidentiary basis upon which the identification of Thomas rested. Thomas's location near the crash sight of the stolen vehicle and his flight from law enforcement officers provided independent evidence of his involvement in the crimes.
¶ 9. Even though defense counsel did not request the instruction, we find the defense counsel's decision to forego a request for an identification instruction may well have been the result of trial strategy. We note that during closing argument, defense counsel argued lack of identification of his client by anyone other than Mrs. McQuillan, and he pointed out what he considered to be discrepancies in her testimony. It is a well established rule that we give deference to strategic decisions made by counsel. Murray v. Maggio, 736 F.2d 279, 282 (5th Cir.1984). There is a strong presumption that counsel's conduct is reasonable and professional and that decisions made are strategic. Id.
¶ 10. Even assuming defense counsel's performance was deficient, Thomas has not shown that he was prejudiced. Mrs. McQuillan had adequate opportunity to observe Thomas; moreover, Mrs. McQuillan was very firm and definite in her identification of Thomas. Defense counsel may have considered that a jury instruction on identification would have been more detrimental to Thomas than helpful and may have reinforced Mrs. McQuillan's testimony in the minds of the jury. See Gilley, 748 So.2d at 129. We hold that trial counsel's failure to submit an instruction on the factual issue of identification does not constitute ineffective assistance of counsel.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTIONS AS AN HABITUAL OFFENDER OF COUNT I ARMED ROBBERY AND SENTENCE OF FIFTY YEARS; COUNT II AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS; COUNT IV *812 BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS ALL TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.