THOMAS, J„
For The Court:
¶ 1. Dimera Smith, pro se, appeals an order of the Circuit Court of Lee County, Mississippi denying his petition for post-conviction relief. Aggrieved, Smith perfected this appeal, raising the following issue as error:
I. SMITH WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
FACTS
¶ 2. On November 27, 1997, Smith pled guilty to aggravated assault for shooting Charlie Dilworth as well as shooting into another person’s occupied dwelling. Smith was born on February 28, 1983, which made him fourteen at the time he pled guilty. Smith acknowledged knowing the twenty year maximum sentence for aggravated assault and ten year maximum sentence for shooting into an occupied dwelling. Smith pled guilty as part of a favorable plea bargain agreement negotiated on his behalf by his counsel. Smith stated on the record and under oath that he was satisfied with the services and counsel of his attorney. Smith was sentenced to serve a twenty year sentence with twelve and a half years suspended for the aggravated assault offense. Smith was sentenced to a concurrent ten year sentence with two and a half years suspended for shooting into an occupied dwelling.
¶ 3. On June 21, 2000, Smith filed a motion for post-conviction relief, claiming ineffective assistance of counsel due to the fact that his trial counsel had not asked the trial court for alternative sentences in consideration of his youth. On November 14, 2000, the trial court denied relief, finding that Smith had not met his burden for establishing any ineffective assistance of counsel claim. It is from that denial that Smith now appeals.
ANALYSIS
¶ 4. In reviewing a trial court’s decision to deny a motion for post-conviction relief the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567 (Miss.1999).
I. WAS SMITH DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 5. Smith’s claim is addressed under a two-part test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and followed by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). A successful completion of this test is paramount to Smith’s argument. He must successfully meet both prongs. Under Strickland and Stnnger, Smith must show that the counsel’s performance was so deficient that it constituted prejudice. Stnckland, 466 U.S. at 687,104 S.Ct. 2052. The asserting party must also show that “but for his attorney’s errors, there is a reasonable probability that he would have received a different result in the trial court.” Rankin v. State, 636 So.2d 652, 656 (Miss.1994). The defendant bears the burden of demonstrating that *301 both prongs have been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985).
¶ 6. Additionally, there is a strong but rebuttable presumption that an attorney’s performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). Application of the Strickland test is applied with deference to counsel’s performance, considering the totality of the circumstances to determine whether counsel’s actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The test is to be applied to the overall performance of the attorney. Strickland, 466 U.S. at 695, 104 S.Ct. 2052. With respect to the overall performance of the attorney, “counsel’s choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy.” Scott v. State, 742 So.2d 1190 (¶ 14) (Miss.Ct.App.1999); Cole v. State, 666 So.2d 767, 777 (Miss. 1995); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984). With this in mind, we now turn to Smith’s allegations of ineffectiveness.
¶ 7. In the case at hand, Smith’s attorney in trial court successfully negotiated for a partially suspended sentence, whereby Smith was only required to serve seven and a half years rather than the thirty year maximum sentence.
¶ 8. Furthermore, Smith did not qualify for sentencing as a juvenile. This is established by statute:
Any act attempted or committed by a child with the use of a deadly weapon, the carrying of which concealed is prohibited by section 97-37-1, or a shotgun or a rifle, which would be a felony if committed by an adult, will be in the original jurisdiction of the circuit court.
Miss.Code Ann. § 43-21-151(l)(B) (Rev. 2000). A trial court has the authority to sentence a defendant as an adult when he is convicted of a crime in circuit court. Miss.Code Ann. § 43-21-159. Both crimes that Smith pled guilty to fell into the “deadly weapon” category as set out in Miss.Code Ann. § 43-21-151(l)(B) (Rev. 2000), therefore, the circuit court had original jurisdiction of the case and had the authority to sentence Smith as an adult. Neither prong of the Strickland test is met in the case at hand.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, and CHANDLER, JJ., concur. BRANTLEY, J., not participating.