IRVING, J.,
for the Court.
¶ 1. Brian Hollingsworth appeals from the denial of his motion seeking post-conviction collateral relief in the Circuit Court of Washington County, Mississippi. In this appeal, Hollingsworth contends (1) that the trial court erred in failing to rule on his motion for leave to amend his original post-conviction relief motion and his motion for discovery, (2) that the trial court erred in denying him an evidentiary hearing, (3) that the trial court erred in not finding that the appointment of Martin Kilpatrick as special prosecutor prejudiced Hollingsworth, (4) that the trial court erred in not addressing and subsequently granting him relief under his claim of violation of his due process rights, (5) that the prosecution breached the plea bargain agreement with him, (6) that he received ineffective assistance of counsel, and (7) that he entered into an involuntary and unintelligent plea agreement.
FACTS
¶ 2. In May of 1996, Hollingsworth beat and/or strangled Charles M. Page, Jr. A friend of Hollingsworth, Brian Prestridge, joined Hollingsworth in beating Page. Later, Page’s body was found in the Mississippi River, decomposed with multiple rib fractures. Hollingsworth was indicted for Page’s murder. Prestridge and Hollings-worth retained Gaines Dyer to represent them. Thereafter, Dyer terminated his representation of Hollingsworth as a client due to a conflict of interest. Prestridge entered a plea agreement and revealed that Hollingsworth strangled Page to death and that Prestridge helped Hollings-worth dump Page’s body in the Mississippi River. Later, Hollingsworth entered a plea of guilty to manslaughter. On June 6, 1997, he was sentenced to twenty years with three years suspended.
¶ 3. On or about May 25, 2000, Hollings-worth filed a post-conviction relief (PCR) motion seeking to vacate his judgment of conviction and sentence. At that time, Hollingsworth also filed a motion for production of documents, including a transcript of the plea hearing. On May 31, 2000, Hollingsworth filed a motion for leave to amend his PCR motion. Attached to this motion were two affidavits which Hollingsworth asked that the court consider.
¶ 4. On June 22, 2000, Judge Gray Evans ordered the Washington County District Attorney and George Kelly, Hollings-worth’s attorney, to answer by affidavit. On June 29, 2000, Hollingsworth filed a second motion for leave to amend his PCR motion, asserting newly discovered evidence. In this amended motion, Holl-ingsworth alleged that the prosecution deliberately failed to produce the recently acquired autopsy reports and that missing from the evidence was the liver tissue removed during the first autopsy. Thereaf *615 ter, Dyer, Kelly, and Prestridge responded by affidavit to Hollingsworth’s PCR motion.
¶ 5. In July of 2000, Hollingsworth filed his request for leave to invoke the process of discovery. In September of 2000, Holl-ingsworth again sought leave to amend his PCR motion. Also, in October of the same year, he filed a motion for summary judgment, asserting that the State had failed to respond, leaving no genuine issue of material fact. As a result of this motion, Cheryl Sullivan responded on behalf of the Washington County District Attorney’s Office.
¶ 6. Without holding an evidentiary hearing, the trial judge entered an order on December 7, 2000, dismissing with prejudice Hollingsworth’s PCR motion.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Failure of the Court to Rule on Motions for Leave to Amend, and Motion for Discovery

¶ 7. Hollingsworth’s issue concerning the trial court’s failure to rule on his subsequent motions is twofold. One part of the issue applies to the three motions for leave to amend his PCR motion. The other applies to his request to invoke the process of discovery.
¶ 8. Hollingsworth avers that he filed two requests for amendments to his PCR motion prior to any responsive pleadings being filed and one request for amendment after defense attorneys filed their responsive affidavits but before a response was filed by the State. Hollingsworth avers that his amendments outlined specific constitutional issues of ineffective assistance of counsel, violation of due process rights and prosecutorial misconduct. Hollings-worth asserts that the trial court abused its discretion when it failed to rule on his motions to amend his PCR motion.
¶ 9. When reviewing a trial court’s denial of a motion for post-conviction relief, we will reverse only where the trial court’s decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999). We find that the trial court’s denial was not clearly erroneous because the trial judge addressed Hollingsworth’s issues and gave legal support for his reasoning.
¶ 10. Hollingsworth filed a motion to vacate judgment of conviction and sentence. Four issues were asserted therein: (1) that the grand jury’s determination of probable cause was tainted, (2) that Circuit Judge Shirley Byers exhibited judicial misconduct thereby compromising Hollings-worth’s constitutional right to due process, equal protection and an impartial judge, (8) that Hollingsworth was denied effective assistance of counsel, and (4) that his plea was not knowingly, intelligently, or voluntarily given. Subsequently, Hollingsworth filed three motions for leave to amend with affidavits which essentially provided support for the issues raised in his initial PCR motion.
¶ 11. In his final order, the judge addressed each issue raised in Hollings-worth’s PCR motion. Therefore, we disagree with Hollingsworth’s assertions that the judge failed to rule on his subsequent motions for leave to amend as they were merely supplements to the initial issues raised. The trial judge addressed the issue regarding the grand jury by explaining that Hollingsworth failed to present evidence of the State’s misconduct and that Hollingsworth had waived his right to attack this issue when he pleaded guilty. The judge addressed Hollingsworth’s allegations of judicial misconduct by explaining that the appointment of the special prosecutor was granted by the judge as *616 per a motion made by the assistant district attorney.
¶ 12. As to the issue of ineffective assistance of counsel by Dyer, the trial judge pointed out that Hollingsworth’s mother filed a “Petition for Arbitration before the Fee Dispute Committee of the Mississippi Bar” and that the ruling of the arbitrator clearly stated that “ ‘there was no evidence to indicate that Brian Hollingsworth’s defense and representation was [sic] prejudiced by Mr. Dyer’s actions.’ ” The trial judge concluded that the ruling of the arbitrator decided the issue of ineffective assistance of counsel with respect to Dyer and that “without some showing of prejudice, [Hollingsworth] cannot proceed on a claim of ineffective assistance of counsel.” While we do not agree that the ruling of the fee dispute arbitrator was res judicata as to the ineffective assistance of counsel claim respecting Dyer, our review of the record does not convince us that the trial judge’s acceptance of the arbitrator’s findings, as opposed to conducting an independent analysis, constitutes reversible error.
¶ 13. With respect to the ineffective assistance of counsel charge leveled against George T. Kelly, the judge analyzed the allegations via the test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and concluded that there was “no evidence that Mr. Kelly was deficient in his representation of [Hollingsworth].” Lastly, as to Hollingsworth’s claim that his plea was not voluntarily, knowingly, or intelligently given, the trial judge noted that Hollings-worth signed a plea petition which outlined the rights he was waiving. The trial judge also noted that, during the plea hearing, Hollingsworth was asked questions specifically about the rights he was waiving.
¶ 14. Hollingsworth also contends that he filed a request for leave to invoke the process of discovery which outlined substantial good cause with specificity for the discovery requested. Hollingsworth avers that the trial court’s failure to rule on his motion to invoke discovery robbed this Court of the necessary guidelines to determine whether the trial court properly exercised its discretion.
¶ 15. The Post-Conviction Collateral Relief Acts allows a party to invoke the process of discovery but only if “the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.” Miss.Code Ann. § 99-39-15 (Rev.2001).
¶ 16. Hollingsworth signed a sworn petition to enter a guilty plea. This petition enumerated the rights Hollingsworth was waiving by pleading guilty. Among the enumerated rights were the right to subpoena documents and witnesses and the right to confront witnesses against him. Moreover, Hollingsworth appeared before the judge at his plea hearing and stated under oath that he was waiving his right for the State to prove its case against him as shown by the following exchange:
Q: And do you realize that the burden is on the State of Mississippi to prove you guilty beyond a reasonable doubt and that you don’t have to prove anything, but by you entering a plea of guilty to this charge you’re giving up this right?
A: Yes, mam [sic].
This issue lacks merit.

2. Denial of An Evidentiary Hearing

¶ 17. Hollingsworth avers that he was entitled to an evidentiary hearing regarding the sentence given to him by the judge. This contention is wholly without merit. Before accepting Hollingsworth’s plea, the trial judge asked Hollingsworth:
Q: Do you understand that the maximum sentence that the Court can *617 impose upon your plea of guilty is a term of 20 years in tbs custody of the Mississippi Department of Corrections and a minimum of two years as well as court costs and any other fees that may arise from that case?
A: Yes, mam [sic].
Q: You understand that the Court can impose a maximum sentence as justified by the circumstances?
A: Yes, mam [sic].
¶ 18. More importantly, the Post-Conviction Collateral Relief Act leaves the decision to grant or deny an evidentiary hearing to the sole discretion of the trial judge:
If the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evi-dentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require.
Miss.Code Ann. § 99-39-11(1) (Rev.2001). We find no abuse of the trial judge’s discretion in denying Hollingsworth an evi-dentiary hearing on sentencing issue.

S. The Appointment of Martin Kilpa-trick as Special Prosecutor

¶ 19. Hollingsworth asserts that his due process rights were violated when Martin Kilpatrick was appointed special prosecutor because, at that time, the State lost control over the prosecution of Holl-ingsworth. He cites Jordan v. State, 786 So.2d 987, 1011(¶ 75) (Miss.2001) as support for his contention that control of the prosecution must remain under the control of the district attorney. Hollingsworth contends that the district attorney’s loss of control is evidenced by Kilpatrick’s motion to revoke bond after the district attorney’s office had agreed not to revoke bond, by requesting that Hollingsworth’s guilty plea be rejected after the State had agreed to the plea agreement, and by Kilpatrick’s request to the trial judge that the maximum sentence be given, in violation of the plea agreement that the State would remain silent on the matter of sentencing.
¶ 20. The State contends that Hollings-worth’s due process rights were not violated because the special prosecutor, Martin Kilpatrick, did not control crucial prosecu-torial decisions such as the targets of the prosecution, decisions whether to prosecute, what investigative powers to use, sanctions to seek, plea bargains to strike, or immunities to grant. The State agrees with Hollingsworth that a district attorney must retain control of the prosecution when a special prosecutor is appointed, but, as might be expected, differs with Hollingsworth’s assessment as to who remained in control. We have reviewed the record and find that the State did maintain control of this case. The district attorney decided to allow Hollingsworth to plead guilty to a lesser charge of manslaughter in spite of the special prosecutor’s opposition. The State did not renege on the plea agreement, and notwithstanding Hollings-worth’s assertions to the contrary, the record does not support his emphatic contention that the State agreed not to pursue an increase or revocation of his bond. The record reflects that at best some confusion or misunderstanding occurred between the district attorney’s office, the court, and Hollingsworth’s counsel concerning the State’s intention regarding Hollingsworth’s bond. Nevertheless, we are at a loss to understand the point Hollingsworth seeks to make regarding the bond issue since the trial judge neither increased nor revoked Hollingsworth’s bond.
*618 A The Failure of the Prosecutor to Produce Material Evidence
¶ 21. By pleading guilty, Hollings-worth waived his right to have the State produce any material evidence. Therefore, this issue need not be addressed any further, notwithstanding his assertion that some liver tissue from one of the autopsies performed on the victim was missing and that had he known that he would not have pleaded guilty. The transcript of the plea hearing indicates that no such concern was expressed by Hollingsworth, that he was satisfied with the services of his attorney and that he knew the State was required to prove him guilty.

5. Breach of the Plea Agreement

¶ 22. Hollingsworth asserts that he entered into a plea bargain in which the State agreed not to request the maximum sentence. Hollingsworth asserts that this bargain was breached when Kil-patrick requested the maximum sentence. The record does not support Hollings-worth’s assertions. First, we are unable to determine from the record whether the State ever agreed not to make any comment regarding what sentence would be appropriate. In any event, the sentencing transcript reveals that the district attorney did not make any statement regarding sentencing. Hollingsworth was specifically asked whether any promises as to his sentence were made and he responded in the negative:
Q: Do you understand that the maximum sentence that the Court can impose upon your plea of guilty is a term of 20 years in the custody of the Mississippi Department of Corrections and a minimum of two years as well as court costs and any other fees that may arise from this case?
A: Yes, mam [sic].
Q: You understand that the Court can impose a maximum sentence as justified by the circumstances?
A: Yes, mam [sic].
Q: Has anyone made any representations to you or promises to you as to what the sentence of the Court might be?
A: No, mam [sic].
Further, a review of the “Petition to Enter Guilty Plea” signed by Hollingsworth does not contain a provision prohibiting the district attorney from sharing his views with the court regarding an appropriate sentence.

6. Ineffective Assistance of Counsel

¶ 23. Hollingsworth avers that his counsel failed to investigate and/or discover exculpatory evidence, i.e., the autopsies which contradicted the allegation that the deceased died of strangulation. According to Hollingsworth, no toxicology analysis was performed on the victim and the liver tissue from the initial autopsy was missing. Although Hollingsworth asserts that this is exculpatory evidence, he fails to explain how this evidence exonerates him in light of Prestridge’s statement that Hollings-worth strangled Page.
¶ 24. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), provides the criteria by which any claim of ineffective assistance of counsel is judged. A claimant must satisfy a two prong test: (1) that his counsel’s performance was deficient, and (2) that this supposed deficient performance prejudiced his defense. Id, at 687, 104 S.Ct. 2052. This test is reviewed under the strong but rebuttable presumption that an attorney is competent and his conduct is reasonable. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). The burden to prove both prongs of the test rests with the defen *619 dant. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). The application of the Strickland test is done with deference to counsel’s performance, considering' the totality of circumstances to determine whether counsel’s actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). Hollingsworth failed to prove that counsel was ineffective under the required standard.
¶ 25. In the case sub judice, Hollings-worth entered a plea of guilty which waived a number of his rights including the right to trial. Hollingsworth’s contentions against counsel concern evidence which Hollingsworth claims would have proven his case. After Hollingsworth pleaded guilty and waived his right to trial, his counsel was not obligated to look for additional evidence. Moreover, Hollings-worth was indicted for murder but, with the assistance of counsel, was able to acquire a plea bargain for manslaughter which carried a lesser maximum sentence.
¶ 26. We also note that during the plea hearing, Hollingsworth was asked whether he was satisfied with the legal service provided by Mr. Kelly, and he answered affirmatively.
Q: All right. Mr. Hollingsworth, are you satisfied with the legal services and advice of your attorney, Mr. Kelly?
A: Yes, mam [sic].
[[Image here]]
Q: And do you believe that your attorney has properly advised you before entering this plea and properly represented your best interest in this case?
A: Yes, mam [sic].
Thus, we find that Hollingsworth’s contention of ineffective assistance of counsel lacks merit.
7. Involuntary and Unintelligent Plea Agreement
¶ 27. Hollingsworth asserts that his plea agreement was involuntary because he was not fully informed. He notes that he was told by counsel that he would receive no more than ten years and he contends that he was unaware of the autopsy report or the missing liver tissue. He supports his assertion by pointing to the colloquies in the transcript which, according to him, evidence his confusion.
¶ 28. This Court will only overturn a trial court’s finding of a knowing and voluntary guilty plea if that finding is clearly erroneous. See Kirksey, 728 So.2d at 567(¶ 8). Hollingsworth’s statements during his plea hearing contradict his assertions here. As mentioned earlier in our discussion, Hollingsworth responded affirmatively when asked whether he fully understood the maximum sentence he could receive. Additionally, Hollingsworth responded in the negative when asked whether any representations as to the sentence were made. More importantly, Holl-ingsworth responded in the negative when asked whether he had been threatened or promised anything to enter a plea of guilty:
Q: Has he threatened you in any manner or promised you anything in order to get you to enter a plea of guilty to this charge?
A: No, mam [sic].
¶ 29. We have thoroughly examined the record and find nothing to suggest or support the view that Hollingsworth did not enter a free and voluntary guilty plea after being duly and properly fully informed as to his constitutional rights. Accordingly, we affirm the decision of the trial court.
¶ 30. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DENYING POST CONVIC *620 TION RELIEF WITH PREJUDICE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.