IRVING, J.,
for the court.
¶ 1. William Thomas Roderick appeals from the denial of his motion for post-conviction relief and raises two issues: (1) whether the trial court erred in failing to find that he was denied effective assistance of counsel and (2) whether the errors and omissions of the trial judge at the plea and sentencing hearing, and the denial of his post-conviction relief motion violated his constitutional rights.
FACTS
¶ 2. On October 14, 1997, Roderick entered a Sack & Save grocery store in Hattiesburg, Mississippi and shot his estranged wife, Kay Roderiek-Newell, numerous times. Roderick was indicted for aggravated assault and after retaining an attorney, executed a petition to enter a plea of guilty.
¶ 3. At the plea hearing, after Roderick was asked a series of questions, the trial judge assessed that Roderick had entered his plea knowingly, voluntarily, and intelligently. Subsequently, the trial judge sentenced Roderick to serve a term of twenty years, with eight suspended, in the custody of the Mississippi Department of Corrections. Also, he was sentenced to eight years’ post-release supervision.
¶4. Approximately two years and ten months after being sentenced, Roderick filed a petition for post-conviction relief in which he alleged that he received ineffective assistance of counsel because his trial counsel failed to inform him of the maximum and minimum sentence for aggravated assault, failed to investigate mitigating evidence, and failed to present expert mitigating testimony. Additionally, Roderick alleged the existence of material facts not previously presented or heard which would warrant the trial judge setting Roderick’s conviction and sentence aside.
*242 ¶ 5. As previously stated, the trial judge denied the requested relief without an evi-dentiary hearing, and this appeal followed.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Ineffective Assistance of Counsel

¶ 6. Roderick contends here, as he did in the court below, that his trial counsel’s performance was deficient in that counsel failed to inform him of possible defenses, failed to inform him of the correct maximum and minimum sentence that could result from an open plea, and failed to conduct a minimum investigation of the case by neglecting to interview material witnesses and by failing to fully explore the merits of any defenses.
¶ 7. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), provides the criteria by which any claim of ineffective assistance of counsel is judged. A claimant must satisfy a two prong test: (1) that his counsel’s performance was deficient, and (2) that this supposed deficient performance prejudiced his defense. Id. at 687, 104 S.Ct. 2052. This test is reviewed under the strong but rebuttable presumption that an attorney is competent and his conduct is reasonable. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). The burden to prove both prongs of the test rests with the defendant. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). The application of the Strickland test is done with deference to counsel’s performance, considering the totality of circumstances to determine whether counsel’s actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996).
¶ 8. Roderick has failed to overcome the presumption that counsel was effective. As to his allegations that counsel failed to inform him of the minimum and maximum sentence and consequences of his plea, Roderick’s petition to enter a guilty plea specifically outlines the minimum sentence as zero and maximum as twenty years. More importantly, Roderick was specifically asked during his plea hearing whether he knew the minimum and maximum sentence for his crime:
Q: All right, and the only restriction on me is that I cannot give you more than the maximum that the law allows for that particular charge.
A: Yes, sir.
Q: Have you been advised what that is in your case?
A: Yes, sir.
Q: And what is that?
A: Zero to twenty
¶ 9. We find no merit in Roderick’s allegations that counsel failed to perform a minimum investigation to create a defense. Roderick asserts that counsel failed to investigate the effect of his prescription medication and that this omission resulted in counsel’s failure to inform him of possible defenses. Roderick provides no proof of this assertion or that this alleged failure by counsel prejudiced him. The plea petition and the transcript of the plea hearing indicate that counsel was aware that Roderick was on prescription medication and also, that counsel informed the trial judge. For example, in item number ten of the plea petition, Roderick asserted that he had an eleventh grade education and the only drugs he was taking were prescription medication. Mindful of the prescription medication that Roderick was taking, his counsel requested additional medical reports for Roderick’s pre-sentence report. Further, the trial judge noted the possible effect or relationship of the medication on Roderick’s action in the commission of the crime. During the sentencing hearing, the trial judge made the following remark to Roderick: “But you do have some things *243 going for you. It does indicate to me that this was just kind of an impulse that may have been caused by a problem with your medication.” As already observed, this issue is wholly without merit.

2. Denial of Post-conviction Relief

¶ 10. Roderick argues that the errors and omission by the trial judge during his plea and sentencing hearing amounted to a violation of his constitutional rights. Roderick asserts that the trial judge failed to advise him of the essential elements of the crime, the statutory maximum and minimum penalty, and the consequences of the entry of the guilty plea, particularly that certain constitutional rights were waived as a result of the plea. Consequently, Roderick argues that the trial judge should not have accepted his guilty plea.
¶ 11. When reviewing a trial court’s denial of a motion for post-conviction relief, we will reverse only where the trial court’s decision was clearly erroneous or an abuse of discretion. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999).
¶ 12. We find that all of Roderick’s allegations against the trial judge lack merit. The transcript of the plea hearing, along with the transcript of the sentencing hearing, refutes these allegations. The plea hearing transcript is replete with questions by the trial judge regarding the constitutional rights being waived, the minimum and maximum penalty and the consequences of the guilty plea. Thus, we affirm the decision of the trial court, as we find no abuse of discretion in the trial court’s denial of Roderick’s petition for post-conviction relief.
¶ 13. THE JUDGMENT OF THE LAMAR COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. GRIFFIS, J, NOT PARTICIPATING.