763 So.2d 198 (2000)
Jeffery FEEMSTER a/k/a Jeffrey B. Feemster, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-01429-COA.
Court of Appeals of Mississippi.
April 18, 2000.
*199 Jeffery Feemster, Appellant, pro se.
Office of the Attorney General by John R. Henry, Jr., Attorney for Appellee.
BEFORE: KING, P.J., PAYNE, and THOMAS, JJ.
THOMAS, J.
¶ 1. Jeffery Feemster, pro se, appeals an order of the Circuit Court of Grenada County, Mississippi, denying his post-conviction relief motion to vacate judgment and sentence. Aggrieved, Feemster raises the following issues as error on appeal of said motion:
I. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST CONVICTION RELIEF MOTION WITHOUT AN EVIDENTIARY HEARING AND THE REQUESTED RELIEF THEREIN CONTAINED.
II. WHETHER THE INDICTMENT WAS DEFECTIVE.
III. WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On August 13, 1997, Feemster entered a plea of guilty in the Circuit Court of Grenada County to the charges of manslaughter, Count I, and armed robbery, Count II. He was assisted at the plea by his retained counsel. Upon said plea, Feemster was sentenced to serve a term of twenty years on Count I and three years on Count II with the Mississippi Department of Corrections. His sentences were to be consecutive. The hearing was conducted in open court with benefit of a transcript, which is contained within the record. Feemster was advised of all of his rights during the hearing and was asked if he understood that by entering a plea of guilty he would be substantially waiving many of these rights. He was further advised of the minimum and maximum penalties for manslaughter and armed robbery. He likewise expressed satisfaction with the services and advice rendered by his attorney. Feemster answered that he understood his rights and the waiver of his rights resulting from entering a plea of guilty. He then admitted to the armed robbery and death of Jo Alice Logan.
¶ 4. Aggrieved with the outcome, Feemster filed his "Motion to Vacate and Set Aside Conviction and Sentence" under the Mississippi Post Conviction Relief Act on March 5, 1999. In that motion, Feemster alleged ineffective assistance of counsel and defects within the indictment as grounds for his motion. His motion was denied on April 12, 1999, without an evidentiary hearing. The trial court held that both of his assertions of error were waived by his plea of guilty. From that denial, Feemster appeals to this Court the same assertions of error with an additional assignment of error pertaining to the trial court's denial of said motion and failure to grant an evidentiary hearing.

ANALYSIS

I.

WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST-CONVICTION RELIEF MOTION WITHOUT AN EVIDENTIARY HEARING. AND THE REQUESTED RELIEF THEREIN CONTAINED.
¶ 5. Feemster argues that the trial court erred in denying his request for an evidentiary hearing and that the trial court erred in denying his requested relief. We note that the allegations of error asserted by Feemster are seemingly lacking in any degree of specificity and amount to mere assertions and vague references without any support as contained within the record. We have conducted a careful review *200 of the record and the transcripts made at his guilty plea and are satisfied that Feemster was fully advised of his rights and that he made a voluntary waiver of those rights when he entered his plea of guilty.
¶ 6. In the trial court's order denying Feemster's petition for post-conviction relief, the trial court found that Feemster waived his cited issues of error upon entering his pleas of guilty. In making this decision that trial court had at its disposal a complete record and transcript of the proceedings that transpired. It very clearly states under the statutory scheme of the Mississippi Post-Conviction Relief Act that the movant is required to set forth those facts, within his personal knowledge, which support his claim and that those facts must be verified under oath of the movant. Miss .Code.Ann. § 99-39-9(d) (Rev.1994). The statutory scheme further requires that the movant either demonstrate through exhibits or affidavits evidence of those facts which may not be within the movant's personal knowledge or show good cause as to why the supporting documentation is not attached. Miss.Code Ann. § 99-39-9(e) (Rev.1994). Nevertheless, the trial court is not required to grant an evidentiary hearing on every petition it entertains: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss.Code Ann. § 99-39-11(2) (Supp.1999).
¶ 7. Feemster's only assertions are that the trial court erred in denying him an evidentiary hearing because "claims of Constitutional [proportion] that were supported by the facts of this case" were presented in his petition. However, as stated before, Feemster has failed to specify what these claims may be other than mere vague assertions of ineffective assistance of counsel. These mere assertions are insufficient to warrant a finding that the trial court erred in denying him the benefit of an evidentiary hearing. Therefore, we do not find that the trial court abused its discretion in denying Feemster an evidentiary hearing. This issue is without merit.

II.

WHETHER THE INDICTMENT WAS DEFECTIVE.
¶ 8. Feemster argues that the indictment was defective and has attempted to tie this issue to both the issue pertaining to whether the trial court erred in denying his petition for post conviction relief and in his issue challenging his assistance of counsel. Feemster argues that his trial counsel was deficient in his representation in that he failed to object to defects contained within the indictment. We strongly note that Feemster fails to argue what type of defect the indictment contains.
¶ 9. However, given the pro se nature of the appeal now before us, the credit afforded Feemster for allegations not well pled, and in light of a detailed review of the indictment, we fail to see any defect therein contained. Feemster was sufficiently on notice of the crimes charged and their respective elements. Our review reveals that the indictment comports with both Article 6, § 169 of the Mississippi Constitution of 1890 and Rule 7.06 of the Mississippi Uniform Circuit and County Court Rules. This assignment of error is without merit.

III.

WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 10. Feemster argues that the assistance of counsel and the advice afforded him through the same amounts to a violation of his constitutional right to effective assistance of counsel. We note that of the few instances raised by Feemster, they are mostly comprised of vague or mere assertions of derelict performance on the part of *201 his legal representation without any supporting evidence. Of the specific instances asserted by Feemster: 1) that trial counsel failed to challenge involuntary statements made by Feemster at the time of his arrest, 2) that trial counsel failed to file a motion to suppress testimony concerning his linkage to the supposed murder weapon, 3) that trial counsel failed to object to the defects contained in the indictment, and 4) that trial counsel provided "faulty advice" concerning his chances of acquittal versus a conviction of guilty should he elect to proceed to trial. In each of these specific assertions, Feemster fails to elaborate or provide this Court with any supporting evidence as to their validity or how, if they were accepted as true, he has been prejudiced by the asserted derelict representation.
¶ 11. Feemster's claim is addressed under a two-part test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and followed by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). A successful completion of this test is paramount to Feemster's argument. He must successfully meet both prongs. Under Strickland and Stringer, Feemster must show: 1) that trial counsel's performance was deficient, and 2) that trial counsel's deficient performance prejudiced his defense. Stringer, 454 So.2d at 476. The defendant bears the burden of demonstrating that both prongs have been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). Additionally, there is a strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). Application of the Strickland test is applied with deference to counsel's performance, considering the totality of the circumstances to determine whether counsel's actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The test is to be applied to the overall performance of the attorney. Strickland, 466 U.S. at 695, 104 S.Ct. 2052. With respect to the overall performance of the attorney, "counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy." Scott v. State, 742 So.2d 1190 (¶ 14) (Miss.Ct.App. 1999); Cole v. State, 666 So.2d 767, 777 (Miss.1995); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984). With this in mind, we now turn to Feemster's allegations of ineffectiveness.
¶ 12. Our review of the record reveals that Feemster's assertions of ineffective assistance of counsel are without any merit. He has simply failed to put forth any evidence supporting his claims, and further there is no evidence that his counsel was in any way deficient or that he was prejudiced as a result. As noted previously, Feemster was adequately informed by the trial court of the charges against him, the minimum and maximum penalties that could be imposed, and the full implication that is associated with the waiving of his rights by entering a guilty plea. Further, Feemster acknowledged that he understood his rights and that he was satisfied with the representation afforded him. Displeased with the outcome of sentencing, he cannot now complain on matters that he voluntarily waived as a result of his guilty pleas or could have raised at the time of his guilty plea. This assignment of error is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, and PAYNE, JJ., concur.