812 So.2d 1045 (2001)
Roosevelt SMITH, Jr. a/k/a "June", Appellant,
v.
STATE of Mississippi, Appellee.
Nos. 1999-KA-01541-COA, 97-KA-00572.
Court of Appeals of Mississippi.
March 20, 2001.
*1047 Charles E. Miller, Mccomb, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
Before KING, P.J., BRIDGES, and THOMAS, JJ.
KING, P.J., for the Court:
¶ 1. Roosevelt Smith, Jr. ("Smith") was convicted of Felony DUI Negligent Death in the Adams County Circuit Court. He was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Smith has appealed and assigned the following errors:
I. The trial court erred in denying defendant's motion to dismiss in deprivation of defendant's constitutional right to a speedy trial pursuant to the sixth and fourteenth amendments to the United States Constitution and by Article 3, Section 26 of the Mississippi Constitution;
II. Defendant was denied effective assistance of counsel and a fair trial warranting reversal; and
III. The evidence is wholly insufficient to support conviction pursuant to the indictment and section 63-11-30 of the DUI vehicular homicide statute.
¶ 2. Finding no reversible error, this Court affirms.

FACTS
¶ 3. This incident occurred on Old Highway 84 in Adams County near Natchez, Mississippi on May 7, 1994. Moments prior to the incident, several children were outside playing and riding bikes in this area. One of those children was Christopher Baker, who was approximately ten years of age at the time of the incident. Some time between 7:00 p.m. and 7:30 p.m., a vehicle occupied by Mr. and Mrs. Gilbert approached the children. Mr. Gilbert, who was driving, slowed his vehicle down and told the children to get out of the street. Mr. Gilbert noticed another vehicle coming towards this area and pulled his car off to the side of the road. The other vehicle was driven by Roosevelt Smith, Jr.
¶ 4. Christopher Baker's bike collided with the bike of another child prior to *1048 Smith approaching this area. Christopher fell in the road with the bicycle on his leg. He fell in the same lane of traffic being traveled by Smith. As Smith approached the area, he did not acknowledge the child lying in the road nor stop his vehicle in time to avoid hitting him. Christopher Baker was killed as a result of the injuries received during the incident.
¶ 5. Shortly thereafter, Officers Ray Brown and Ricky Stevens arrived to investigate the incident. The officers smelled alcohol on Smith's breath, but observed no other indicators that Smith was intoxicated. Nevertheless, the officers took Smith to the station where he was administered an intoxilyzer test that showed a blood alcohol level of .12%. Smith was subsequently arrested and charged with the crime of Felony DUI Negligent Death.

ISSUES AND ANALYSIS

I.

Whether the trial court erred in denying defendant's motion to dismiss in deprivation of defendant's constitutional right to a speedy trial pursuant to the sixth and fourteenth amendments to the United States Constitution and by article 3, section 26 of the Mississippi Constitution.
¶ 6. Smith asserts that his constitutional right to a speedy trial has been violated. The constitutional right to a speedy trial attaches, and begins to run upon the defendant's arrest. Handley v. State, 574 So.2d 671, 674 (Miss.1990). When the right to a speedy trial is at issue, we are required to apply the balancing test announced in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine if the right to a speedy trial has been denied. Smith v. State, 550 So.2d 406, 408 (Miss.1989). The Barker factors include: (1) the length of the delay; (2) the reason for delay; (3) the defendant's assertion of his right to a speedy trial; and, (4) prejudice to the defendant by the delay. Barker, 407 U.S. at 530, 92 S.Ct. 2182. No one factor, in itself, is dispositive; rather they must be considered together in light of all the circumstances. Adams v. State, 583 So.2d 165, 167 (Miss.1991).
¶ 7. To determine whether Smith's rights have been violated, this Court examines these factors within the context of this case.

Length of Delay
¶ 8. The first factor is the length of the delay. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Barker, 407 U.S. at 530, 92 S.Ct. 2182. Under Mississippi law, a delay of eight months or longer is presumptively prejudicial. Smith v. State, 550 So.2d 406, 408 (Miss. 1989).
¶ 9. The chronology of events regarding this issue is as follows:
May 7, 1994 Arrested for felony DUI negligent
 death
February 8, 1995 Indictment filed
April 1, 1995 Indictment served
March 28, 1997 Arraigned on felony DUI negligent
 death charge
April 1, 1997 Trial set; continued until
 April 4, 1997
April 4, 1997 Motion to dismiss filed regarding
 speedy trial; motion denied
April 4, 1997 Tried for felony DUI negligent
 death
From May 7, 1994, the date of arrest, to April 4, 1997, the date of trial, a period of approximately two years, ten months and twenty-eight days elapsed before Smith's case was taken to trial. Accordingly, we find that the delay in this case is presumptively prejudicial.

*1049 Reason for the Delay

¶ 10. The State bears the responsibility of bringing a defendant to speedy trial. Turner v. State, 383 So.2d 489, 491 (Miss.1980). Because there is presumptive prejudice due to the length of the delay in Smith's trial, the State has the burden of providing a valid reason for the delay. We find that the State has offered no explanation for the delay in the case at bar. Nor does the record suggest that the defendant was responsible for the delay. Where the record is silent regarding the reason for the delay, the clock ticks against the State. Flores v. State, 574 So.2d 1314, 1317 (Miss.1990) (citing Vickery v. State, 535 So.2d 1371 (Miss.1988)). This factor is weighed against the State.

Assertion of the Right
¶ 11. Although it is the State's duty to insure that the defendant receives a speedy trial, a defendant has some responsibility to assert this right. Wiley v. State, 582 So.2d 1008, 1012 (Miss.1991). Smith was represented by appointed counsel. Smith's first appointed counsel left the area for an extended period of time. During his attorney's absence, Smith did not assert his right to a speedy trial. Because Smith was effectively without the assistance of counsel, the failure to assert the right to a speedy trial during that time is understandable. Ultimately, Smith was appointed another attorney who filed the motion to dismiss on the day of the trial. Smith contends that, "in as much as no action was taken on his case by the state or the court since the indictment of February 8, 1995, the assertion of a right to speedy trial via the motion to dismiss constituted a timely assertion of his right to a speedy trial." We are compelled to note that a motion to dismiss for lack of a speedy trial is not the same as a demand for a speedy trial, Rhyne v. State, 741 So.2d 1049 (¶ 20) (Miss.Ct.App.1999); accordingly, we do not weigh this factor against the State or Smith.

Prejudice to the Defendant
¶ 12. Prejudice is assessed in light of the interest of the defendant which the right to a speedy trial is designed to protect: (1) prevention of oppressive pretrial incarceration, (2) limitation of the possibility of impairment of defense, and (3) minimization of anxiety and concern of the accused. Barker, 407 U.S. at 532, 92 S.Ct. 2182. Here, Smith was released on bond the day after his arrest, so the first element is not applicable. However, Smith does argue the other two elements in his brief.
¶ 13. Smith argues that his defense was prejudiced by having to endure stress and anxiety in anticipation of trial. Smith also testified that a material witness who would exonerate him had moved to Louisiana during the period between his arrest and trial, and therefore became unavailable to provide evidence for his defense. There is no question that the witness was available in Adams County at the time of the incident according to Smith. Moreover, Smith asserts that "if the trial had been held in a timely manner, the witness would have been available." However, the record does not contain sufficient evidence to support this position. We are not provided evidence as to when this witness left the state, there is no proffer of her testimony, nor is there evidence that diligent efforts were made to secure the witness' attendance at trial. This factor must therefore be weighed against Smith.

Balancing
¶ 14. While no weighted value is assigned to each of the Barker factors, this Court is obligated to seek to balance them in determining whether an actionable *1050 speedy trial violation has occurred. Magnusen v. State, 741 So.2d 282 (¶ 10) (Miss. Ct.App.1998). The length of delay was approximately three years, and is therefore presumptively prejudicial. Because this delay is presumptively prejudicial, it is weighed in favor of Smith.
¶ 15. The record contains no explanation for the delay in bringing Smith to trial. This factor is weighed against the State. However, that weight is offset by the failure of Smith to assert his right to a speedy trial.
¶ 16. Smith has failed to demonstrate any actual prejudice, or the probability, as opposed to possibility, of actual prejudice.
¶ 17. Having considered all of these things, this Court finds that no actionable speedy trial violation has occurred.

II.

Whether the defendant was denied effective assistance of counsel and a fair trial warranting reversal.
¶ 18. Smith had been assigned a court appointed attorney at all times during the criminal process following his initial appearance. The record shows that Smith's first appointed counsel did not file any pretrial motions, discovery requests, or subpoenas on behalf of Smith.
¶ 19. However, to establish a claim of ineffective assistance of counsel, a party must show (1) a deficiency of counsel's performance that is (2) sufficient to constitute prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (Miss.1997). The Mississippi Supreme Court has adopted the Strickland standard of determining ineffective assistance of counsel. Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). See McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Here, the burden is on the defendant to demonstrate the Strickland factors to support an ineffective assistance of counsel claim. Id. at 687, 104 S.Ct. 2052.
¶ 20. In the case at bar, the State contends that Smith would have a valid claim of ineffective assistance of counsel, if the first appointed counsel had remained on the case. Due to the absence of the first appointed counsel, the court appointed Smith another attorney approximately two years later.
¶ 21. Smith asserts that there is a deficiency in defense counsel's performance when defense counsel fails to challenge the admissibility of the blood alcohol test and Smith's statement, which was obtained subsequent to the intoxilyzer test. Smith argues that the statement and the blood alcohol test were obtained in violation of his fifth and fourth amendment rights to be free from self-incrimination and unreasonable search and seizure.
¶ 22. Additionally, Smith argues, "the most glaring example of ineffective assistance of counsel came when defense counsel put his law partner ... on the stand. This was the first witness defense counsel called, and the only other witness besides the defendant." Defense counsel's law partner testified as to measurements and photographs he took of the accident scene the day before trial. The net impact of these actions was to establish that the "point of impact" was visible from a distance of approximately seven hundred and fifty feet.
¶ 23. This appeared to be a matter of trial strategy. This Court does not generally second guess an attorney's trial strategy, Feemster v. State, 763 So.2d 198 (¶ 11) (Miss.Ct.App.2000). Absent a showing that such strategy was beyond question prejudicial, this Court will not hold it to be error. While Smith has raised questions *1051 regarding his attorney's performance, he has not shown a deficiency in counsel's performance, which was sufficient to constitute prejudice to his defense.

III.

Whether the evidence is wholly insufficient to support conviction pursuant to the indictment and section 63-11-30 of the DUI vehicular homicide statute.
¶ 24. Smith was convicted of Felony DUI Negligent Death pursuant to Section 63-11-30(1)(c) and (4)(Rev.1996) of the Mississippi Code Annotated which says:
1. It is unlawful for any person to drive or otherwise operate a vehicle within this state who ... (c) has ten one-hundredths percent (.10%) or more for persons who are above the legal age to purchase alcoholic beverages under state law ... in the person's blood based upon grams of alcohol per hundred (100) milliliters of blood or grams of alcohol per two hundred ten (210) liters of breath as shown by a chemical analysis of such person's breath, blood or urine administered as authorized by this chapter....
(4) Every person who operates any motor vehicle in violation of the provisions of subsection (1) of this section and who in a negligent manner causes the death of another or mutilates, disfigures, permanently disables or destroys the tongue, eye, lip, nose or any other limb, organ or member of another shall, upon conviction, be guilty of a felony and shall be committed to the custody of the State Department of Corrections for a period of time not to exceed twenty-five (25) years.
¶ 25. Smith challenges the sufficiency of the State's evidence in two respects. First, he contends that the evidence is insufficient since the blood alcohol test result should have been excluded which formed the basis for his arrest and conviction. Next, Smith argues that the State presented insufficient evidence to establish negligence.

A) Blood Alcohol Results

¶ 26. Upon arrival at the accident site Deputy Brown spoke to Smith, and determined that he was driving the vehicle which struck Baker. Because there was an odor of alcohol on Smith's breath, he was placed into custody and eventually transported to the sheriff's department for an intoxilyzer test. At the station, Smith was asked to consent to take the intoxilyzer. He consented and the test established that he had a blood alcohol level of .12%.
¶ 27. Accordingly, this Court finds that there was both probable cause and consent given for the intoxilyzer.

B) Negligence

¶ 28. Smith further argues that the State's evidence is insufficient in that he was not negligent in the operation of his vehicle at the time of the incident. The record contains testimony that Smith was speeding, under the influence and made no effort to slow his vehicle to avoid hitting the child.
¶ 29. This Court must assess the sufficiency of evidence following the standard set forth in Holloman v. State, 656 So.2d 1134, 1142 (Miss.1995), which states that:
The evidence is viewed in the light most favorable to the State. All credible evidence supporting the conviction is taken as true; the State receives the benefit of all favorable inferences reasonably drawn from the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). Issues regarding weight and credibility *1052 of the evidence, as to at least one of the elements of the crime charged, is such that a reasonable and fair minded juror could only find the accused not guilty will this Court reverse.
¶ 30. Therefore, viewing the evidence presented in the light most favorable to the State on this issue, Smith could be found guilty by reasonable and fair-minded jurors.
¶ 31. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT OF CONVICTION OF FELONY DUI NEGLIGENT DEATH AND A SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.