734 So.2d 307 (1999)
John C. BOLTON a/k/a John C. Bolton, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00093 COA.
Court of Appeals of Mississippi.
February 9, 1999.
*308 Anthony J. Buckley, Laurel, Attorney for Appellant.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
BEFORE BRIDGES, C.J., PAYNE, AND SOUTHWICK, JJ.
BRIDGES, C.J., for the Court:
¶ 1. John C. Bolton, a/k/a John C. Bolton, Jr., was indicted, tried, and convicted of the crime of felony shoplifting in the Jones County Circuit Court. He was sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections. Aggrieved, Bolton argues that he was denied effective assistance of counsel citing the following ten trial deficiencies: 1) trial counsel failed to conduct an adequate voir dire, 2) trial counsel failed to give an opening statement, 3) trial counsel failed to cross-examine the State's first witness, Officer Brian Boutwell, 4) trial counsel failed to challenge the store manager's in-court identification of the appellant, 5) trial counsel failed to object to hearsay testimony given by the arresting officer, 6) trial counsel failed to cross-examine the arresting officer, 7) trial counsel failed to challenge the admissibility of the appellant's confession, 8) trial counsel failed to object to the State's jury instruction S-1, 9) trial counsel gave a prejudicial closing argument, and 10) trial counsel failed to request a presentence investigation after the appellant's conviction or to offer any mitigating testimony prior to sentencing. Finding no merit to the issues raised, we affirm.

FACTS
¶ 2. On January 10, 1997, Bolton was seen leaving McRaes Department Store in Laurel, Mississippi, with clothes he had not purchased valued at approximately $741. Bolton exited the store, placed the clothes in his car, and proceeded to leave the parking lot. A McRaes manager, Larry Bass, chased Bolton outside the store and attempted to stop him, but was unsuccessful. Bolton was later apprehended in his car by a Laurel police officer and identified as the perpetrator.

ARGUMENT AND DISCUSSION OF LAW
¶ 3. Bolton argues on appeal numerous instances where the performance *309 of his trial counsel was deficient and that this deficient performance prejudiced his trial. Thus, Bolton contends that the verdict must be reversed and a new trial granted. The Mississippi Supreme Court has adopted the Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) standard for evaluating ineffective assistance of counsel claims. Eakes v. State, 665 So.2d 852, 872 (Miss. 1995). A defendant has to show that his attorney's performance was deficient, and that the deficiency was so substantial as to deprive the defendant of a fair trial. Id. We require that the defendant prove both elements. Brown v. State, 626 So.2d 114, 115 (Miss.1993); Wilcher v. State, 479 So.2d 710, 713 (Miss.1985). In any case presenting an ineffective assistance of counsel claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. Foster v. State, 687 So.2d 1124, 1129 (Miss.1996). This is measured by a totality of the circumstances, and thus, the Court must look at counsel's over-all performance. Taylor v. State, 682 So.2d 359, 363 (Miss.1996). There is no constitutional right to errorless counsel. Foster, 687 So.2d at 1130 (emphasis added). "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. 2052.
[T]here is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. To overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."
Schmitt v. State, 560 So.2d 148, 154 (Miss. 1990) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052).
¶ 4. Bolton complains that he was denied effective assistance of counsel on ten separate occasions. Taken verbatim from his brief, Bolton argues that his attorney failed to conduct an adequate voir dire, although the prosecutor conducted an in depth voir dire of the jury; he reserved opening statement but never gave one, even though the prosecuting attorney gave a detailed and incriminating statement; he failed to cross-examine the State's first witness, Officer Brian Boutwell, the first officer on the scene; he did not challenge the store manager's in-court identification of the defendant even though there was testimony that it was suggestive; he failed to object to the arresting officer's prejudicial hearsay testimony; he failed to conduct any cross-examination of the arresting officer; he failed to raise or ask for any challenge or hearing on the admissibility of the defendant's confession; he failed to object to State Instruction S-1, which listed the elements of the crime, but failed to state the term "feloniously," thereby arguably charging only the crime of misdemeanor shoplifting; he gave a prejudicial closing argument whereby he confessed his client's guilt; and he failed to ask for a pre-sentence investigation after conviction, or to even offer any mitigation to the trial judge prior to sentencing, whereupon the trial judge unusually gave the defendant the maximum sentence of five years for the crime, even though John Bolton, Jr. was a first time non-violent offender.
¶ 5. After careful review of the record, it is this Court's opinion that Bolton has failed to provide any authority or evidence of how these instances constituted ineffectiveness. Furthermore, Bolton has failed to demonstrate that there was reasonable probability that had counsel done the aforementioned, the result of the trial would have been different. Voir dire, opening and closing statements, cross-examination, objections, and challenges on the admissibility of evidence are considered to be matters of trial strategy and will not support an ineffective assistance of counsel claim. As the State correctly stated in its brief, "[a]ttorneys are permitted wide latitude in their choice and employment of defense strategy." See Hiter v. *310 State, 660 So.2d 961, 965 (Miss.1995). Generally, for purposes of ineffectiveness of counsel claims, counsel has the duty to make reasonable investigations or to make reasonable decisions that investigation is unnecessary. Foster, 687 So.2d at 1132. Based on the foregoing discussion, there is no proof that Bolton's trial counsel was deficient in his representation, much less that Bolton was prejudiced as a result. However, we feel obligated to comment on certain remarks made by Bolton's counsel during his closing argument. Although it is apparent from the record that he chose certain words as part of his trial strategy, we would urge him in the future to be more cautious so as not give any appearance of portraying his client in a contemptuous manner. This claim is without merit.
¶ 6. THE JUDGMENT OF THE JONES COUNTY CIRCUIT OF CONVICTION OF FELONY SHOPLIFTING AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO JONES COUNTY.
McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, KING, LEE, PAYNE, AND SOUTHWICK, JJ., CONCUR.
IRVING, J., NOT PARTICIPATING.