735 So.2d 1124 (1999)
Ola Lee HALL, a/k/a `Ola Man,' Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00752-COA.
Court of Appeals of Mississippi.
April 6, 1999.
*1126 Robert B. Prather, Armstrong Walters, Carrie A. Jourdan, Columbus, Attorneys for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
BEFORE BRIDGES, C.J., COLEMAN, AND IRVING, JJ.
IRVING, J., for the Court:
¶ 1. Ola Lee Hall was convicted in Lowndes County Circuit Court as a habitual offender for grand larceny. Hall was sentenced to serve a term of five years incarceration without the possibility of parole or early release. Additionally, Hall was ordered to pay a fine of one-thousand dollars. Hall now appeals the trial court's final judgment of guilt and asserts that he was denied effective assistance of counsel. The statement of the issue is recited verbatim from his brief:
Whether the Defendant was denied his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

FACTS
¶ 2. The following facts are according to the State's proof. On July 8, 1995, Hall was stopped during a routine roadblock while driving a 1984 Buick Regal that had been previously reported stolen. The police officer became suspicious when Hall was unable to produce a valid driver's license. He checked Hall's name and date of birth against the records. Finding nothing in the records, the officer checked the tags. From that information, he discovered that the Buick was stolen. The officer immediately gave Hall the Miranda warning, arrested him, and took him to the police station for further investigation. Hall was sitting at the desk while the police officer spoke with the police in the county where the Buick had been stolen. Hall began speaking about the Buick. The officer interrupted Hall and reminded him of the Miranda warning. Hall continued to talk and told the officer that he had won the Buick in a poker game.
¶ 3. The testimony at trial confirmed that Patricia Baldwin was the owner of the Buick. Baldwin testified that she left the Buick with Jack Anthony in order for him to repair it. Anthony testified that before he could repair the Buick, it was stolen. Anthony further testified that he had parked the Buick at his cousin's house and left the keys inside. There was further testimony that prior to the theft, Anthony had an argument with Hall. At the time of the argument Hall was said to be at least three car lengths away from the Buick. Anthony testified that after the argument he went into his cousin's house and fell asleep. When he awoke, he found the Buick had been stolen. Baldwin and Anthony both testified that the theft was reported the next day. Anthony testified that prior to the date of the theft, Hall asked Baldwin's fiance about purchasing the Buick. At trial, Hall offered no evidence, choosing to make only a closing argument. Subsequently, he was convicted of grand larceny.

DISCUSSION
¶ 4. The State contends that Hall's claim of ineffective assistance of counsel is waived because the issue was not raised at trial. We reject the State's contention. The procedural bar rule does not apply to claims involving ineffective assistance of counsel. Read v. State, 430 So.2d 832, 837 (Miss.1983). Hall's claim, therefore, is not procedurally barred. We, thus, turn to consider the ineffective assistance of counsel claim on its merits.
¶ 5. When assessing an ineffective assistance of counsel claim, we follow the test established in Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Wiley v. State, 517 So.2d 1373, 1377 (Miss.1987). The test is applied by giving deference to counsel's performance. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The appellate court has to consider the totality of the circumstances *1127 in order to determine whether counsel's actions were both deficient and prejudicial. Id.
¶ 6. The Constitution does not guarantee a right to errorless counsel. Strickland, 466 U.S. at 686, 104 S.Ct. 2052. Strickland provides a two-prong test to determine counsel's ineffectiveness. Both components of the two-prong test must be satisfied in order to obtain the reversal of a conviction. Id. The appellant must establish that counsel's performance was deficient, and that the deficiency prejudiced his defense. Strickland, 466 U.S. at 686, 104 S.Ct. 2052. If the appellant does not satisfy both prongs, the appellate court can conclude that the trial court produced a reliable result. Id.
¶ 7. In the case at bar, Hall must overcome a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, he must overcome the presumption that counsel's decisions are a result of sound trial strategy. Strickland, 466 U.S. at 686, 104 S.Ct. 2052; Vielee v. State, 653 So.2d 920, 922 (Miss.1995). Even if Hall proves that the trial counsel's performance was deficient, he must further "show a `reasonable probability' that, but for counsel's unprofessional errors, a different outcome would have resulted at trial." Strickland, 466 U.S. at 694, 104 S.Ct. 2052; Conner, 684 So.2d at 610. A "reasonable probability" is one sufficient to undermine confidence in the outcome of the proceeding. Strickland, 466 U.S. at 694, 104 S.Ct. 2052; Conner, 684 So.2d at 610. Keeping this test in mind, we review Hall's allegations of ineffective counsel.
¶ 8. The following is a summary of the allegations which Hall argues supports his ineffective assistance of counsel claim:
1. Trial counsel did not make any motions on behalf of the defense prior to trial, except for a one page discovery request.
2. Trial counsel made an improper Batson challenge. Further, counsel did not reurge his Batson challenge when other black jurors were struck by the prosecution.
3. Trial counsel waived the opening argument and did not put on a defense.
4. Trial counsel argued outside the record and presented a possible defense during the closing argument.
5. Trial counsel failed to cross-examine the State's witness regarding a possible defense.
6. Trial counsel failed to put Hall on the stand, as well as, failed to provide the jury with any explanation for Hall's possession of the Buick.
¶ 9. After careful review and consideration, we find, based on the totality of the circumstances, that none of the alleged actions or inactions amount to ineffective assistance of counsel.
¶ 10. Hall fails to assert any authority to support his claim that trial counsel's actions or inactions as enumerated above, amount to ineffective assistance of counsel. Even Hall admits that trial counsel had a "trial strategy." Having a trial strategy negates an ineffective assistance of counsel claim, regardless of counsel's insufficiencies. As stated above, the Constitution does not guarantee the right to errorless counsel. Strickland, 466 U.S. at 686, 104 S.Ct. 2052.
¶ 11. Given the strong presumption that trial counsel's actions are considered strategic and given the fact that Hall has failed to rebut the presumption, we conclude that trial counsel's actions as set forth in items 1, 3, 5, and 6 above were strategic. See Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984) (stating that the filing of pretrial motions falls squarely within the ambit of trial strategy); Cabello v. State, 524 So.2d 313 (Miss.1988) (holding that the decision to make an opening statement is strategic); Strickland, 466 U.S. at 691, 104 S.Ct. 2052 (stating that counsel's actions are usually based, quite properly, on informed *1128 strategic choices made by the defendant and on information supplied by the defendant). See Hiter v. State, 660 So.2d 961, 965 (Miss.1995) holding that attorneys are permitted wide latitude in their choice and employment of defense strategy. We hold that such latitude includes the extent and nature of cross-examination.
¶ 12. We next consider the remaining contentions. As to the Batson claim, the record is silent as to the racial composition of the jury. Therefore, we are unable to conclude that a Batson challenge was warranted and if so, whether the failure to make one was prejudicial to Hall. However, we hold that the decision to make or not make a Batson challenge falls within trial counsel's trial strategy and the wide latitude given him, to which appellate courts must defer. See Strickland, 466 U.S. at 686, 104 S.Ct. 2052; Hiter, 660 So.2d at 965.
¶ 13. Lastly, we do not find that counsel argued outside the record. The record reflects that the State's witness, which was the arresting officer, testified to Hall's statement that he had won the Buick in a poker game. Assuming arguendo that the argument was outside the record, counsel's action still does not amount to ineffective assistance of counsel.
¶ 14. Even if counsel was deficient, Hall fails to show that he suffered any prejudice. He also fails to show that the outcome would have been different. Hall argues that the outcome of the trial would have been different had trial counsel presented an alternative theory to explain Hall's possession of the Buick. Only Hall could offer an alternative theory as to why he was in possession of the Buick, and he had a constitutional right not to testify. Apparently he chose not to do so, and there is nothing in the record to indicate that he was prevented by trial counsel from testifying on his behalf.
¶ 15. We conclude that Hall has failed to demonstrate that counsel's actions were either deficient or prejudicial; thus, Hall's ineffective assistance of counsel claim must fail. The judgment of the circuit court is affirmed.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT POSSIBILITY OF PAROLE AND FINE OF $1,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, LEE, PAYNE, AND THOMAS, JJ., CONCUR.