825 So.2d 53 (2002)
Floyd B. SANDERS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00322-COA.
Court of Appeals of Mississippi.
August 27, 2002.
*55 William R. Labarre, Hollandale, attorney for appellant.
Office of the Attorney General, by Jean Smith Vaughan, attorney for appellee.
Before McMILLIN, C.J., MYERS, and CHANDLER, JJ.
MYERS, J., for the Court.
¶ 1. Floyd B. Sanders was charged on a four-count indictment with kidnaping, capital rape, sexual battery and possession of a firearm by a prior convicted felon. Sanders was convicted on all counts in the Circuit Court of Washington County. Sanders was sentenced as a habitual offender to serve the following sentences in the custody of the Mississippi Department of Corrections: Count Ikidnaping, life without the possibility of parole; Count IIcapital rape, life without the possibility of parole; Count IIIsexual battery, thirty years mandatory without the possibility of parole; and Count IVpossession of a firearm by a prior-convicted felon, three years mandatory without the possibility of parole with the sentences in Counts II-IV to run concurrently to the sentence in Count I. From the imposition of this sentence, Sanders filed a motion for judgment notwithstanding the verdict or, alternatively, new trial which was summarily denied by the trial court. Aggrieved by this decision, Sanders perfected the present appeal asserting the following issues:
1. WHETHER SANDERS WAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL; AND
2. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT A DIRECTED VERDICT IN DEFENDANT'S FAVOR ON COUNT IV OF THE INDICTMENT.

STATEMENT OF FACTS
¶ 2. Floyd Sanders kidnaped and raped a thirteen year old girl on December 26, 1997. Sanders allowed the girl and one of her friends to drive Sanders around in his car. Sanders dropped the girl's friend off and allowed the girl to continue driving *56 him around. The girl testified that she became wary of her situation and attempted to run away from Sanders at which time Sanders pulled a firearm on her and directed her to drive to an isolated location. The girl then stated that Sanders forced her at gunpoint to remove her clothing and have repeated intercourse with him. The girl also stated that Sanders performed oral sex on her. Upon the completion of these acts, Sanders drove back into Greenville and stopped at a gas station to purchase beer leaving the girl, gun and keys in the car. The girl drove the car to her home and reported the incident to her mother who immediately contacted the police.
¶ 3. At trial, the State presented testimony from the victim supporting the foregoing. The State presented an expert who testified that the evidence collected in a rape kit from the victim matched samples taken from Sanders. The State also introduced into evidence a statement given by Sanders in which he admitted to having sexual intercourse with the victim. Sanders's attorney attempted, throughout the course of the trial, to elicit that the victim had misrepresented her age to Sanders. Further, Sanders's attorney failed to voir dire the State's expert on her qualifications, failed to make a Batson challenge during the jury selection process, failed to attempt to suppress Sanders' statement, and failed to present a closing argument. Sanders also contends that the State failed to sufficiently prove Count IV of the indictment, possession of a firearm by a prior-convicted felon, as the State failed to present evidence to the jury that Sanders was a prior convicted felon. The State contends that Sanders stipulated to the fact that he was a prior convicted felon prior to trial and again during the jury instruction conference. Sanders was found guilty on all four counts and sentenced to serve a life term in the custody of the Mississippi Department of Corrections. Sanders moved for judgment notwithstanding the verdict or, alternatively, new trial. The trial court denied this motion and Sanders filed the present appeal.

LEGAL ANALYSIS

1. WHETHER SANDERS WAS PROVIDED INEFFECTIVE ASSISTANCE Of COUNSEL.
¶ 4. Sanders contends in his first point of error that he was not provided effective assistance of counsel during the course of the trial. Sanders complains that his attorney was ineffective because the attorney failed to make any Batson challenges during jury selection, failed to properly prepare for trial, raised an improper defense to the crime charged, failed to attempt to suppress Sanders' statement, failed to voir dire a witness for the State on her qualifications to testify as an expert, and failed to conduct a closing argument.
¶ 5. In order to prevail on a claim for ineffective assistance of counsel, Sanders must prove that his "counsel's performance was deficient and that he was prejudiced by counsel's mistakes." Weatherspoon v. State, 736 So.2d 419, 421 (¶ 10) (Miss.Ct.App.1999), citing Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Sanders must overcome a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, he must overcome the presumption that counsel's decisions are a result of sound trial strategy." Hall v. State, 735 So.2d 1124, 1127 (¶ 7) (Miss.Ct. App.1999). The attorney's actions are considered under the totality of the circumstances by this Court in determining whether the actions were deficient and prejudicial. Id. at 1126 (¶ 5). Further, *57 Sanders "must affirmatively prove, not merely allege, that prejudice resulted from counsel's deficient performance." Estes v. State, 782 So.2d 1244, 1249 (¶ 6) (Miss.Ct. App.2001). With these standards in mind, we look to the issues raised by Sanders to determine whether his attorney's performance was ineffective.

a. Failure to make a Batson challenge during the jury selection process.
¶ 6. Sanders contends that he was provided ineffective assistance of counsel when his attorney failed to make a challenge to the peremptory strikes made by the State during the jury selection process based on Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Batson challenges are utilized to contest whether one side is utilizing its peremptory challenges to exclude potential jurors because of some discriminatory basis. McGilberry v. State, 741 So.2d 894, 923 (¶ 119) (Miss.1999). The record before this Court is silent on the racial composition of the jury making it impossible to conclude whether a Batson challenge was warranted and if the failure to make such a challenge was prejudicial to Sanders. Hall, 735 So.2d at 1128 (¶ 12). The decision whether to assert a Batson challenge is part of the attorney's trial strategy and this Court must defer to the attorney's discretion. Id. Sanders has not proven that he was prejudiced in any fashion by his attorney's decision to not assert a Batson challenge. This issue is without merit.

b. Failure to properly prepare for trial.
¶ 7. Sanders next contends that his attorney was ineffective because his attorney was unprepared for trial. Sanders cites to his attorney's cross-examination of the victim where the attorney attempted to impeach the victim by her prior statement by asking the victim where in her statement she stated that Sanders performed oral sex on her. The victim found the part of her statement where she informed the police of this occurrence. Sanders contends that this exchange proves that his attorney was not familiar with his case and unprepared for trial. Sanders's attorney cross-examined the State's witnesses, presented a defense, and made proper objections throughout the course of the trial. Sanders is not guaranteed a right to errorless counsel. Hall, 735 So.2d at 1127 (¶ 6). When viewed under the totality of the circumstances, Sanders's attorney was familiar with the facts of Sanders's case and clearly prepared for trial. This issue is without merit.

c. Raising an improper defense.
¶ 8. Sanders next contends that his counsel offered ineffective assistance when the attorney presented an invalid defense to the crime charged. During the course of the trial, Sanders's attorney questioned witnesses on whether the victim had misrepresented her age to Sanders. It is well settled that mistake of age is not a defense to capital or statutory rape. Todd v. State, 806 So.2d 1086, 1096 (¶ 31) (Miss.2002). Sanders's attorney relied on Collins v. State, 691 So.2d 918 (Miss.1997), which the attorney interpreted to indicate that mistake of age could be asserted as a defense when supported by a proper evidentiary basis. This interpretation of the language of Collins v. State, is based on dicta and has been determined to be an incorrect principle of law. Todd, 806 So.2d at 1096. The jury in Sanders's case was properly instructed that mistake of age was not a defense to the crimes charged. Sanders has not shown how the assertion of this defense has caused him any prejudice, and as such, this issue is without merit.

*58 d. Failure to attempt to suppress Sanders' statement.

¶ 9. Sanders next contends that his counsel's performance was ineffective as his attorney failed to attempt to suppress the statement Sanders gave to the police. The statement was voluntarily given and signed by Sanders. Sanders does not assert how the admission of this statement was improper or how he was prejudiced by the statement being read into evidence. The attorney's decision to make or not make certain objections falls "within the ambit of trial strategy." Scott v. State, 742 So.2d 1190, 1196 (¶ 14) (Miss.Ct.App. 1999). The statement was clearly relevant and admissible. Sanders signed the statement that included a waiver of rights. The decision by the attorney to not attempt to suppress Sanders's statement was a part of sound trial strategy and not ineffective assistance of counsel. This issue is without merit.

e. Failure to voir dire a State witness on her qualifications to testify as an expert.
¶ 10. Sanders further contends that he suffered ineffective assistance of counsel because his attorney failed to voir dire a witness the State qualified as an expert. Sanders does not assert that a challenge to the witness's qualifications would cause the trial court to fail to qualify the witness as an expert, and as such, does not assert that any prejudice was suffered as a result of his attorney failing to voir dire the witness on her qualifications to testify as an expert. Further, the decision whether to question a witness on their qualifications as an expert witness is a part of the attorney's trial strategy. Scott, 742 So.2d at 1196 (¶ 14). This issue is without merit.

f. Failure to make a closing statement.
¶ 11. Sanders lastly contends that he suffered ineffective assistance of counsel because his attorney elected not to present a closing statement to the jury. The decision to present or not present a closing statement is a matter of trial strategy and "will not support an ineffective assistance of counsel of claim." Bolton v. State, 734 So.2d 307, 309 (¶ 5) (Miss.Ct. App.1999). This issue is without merit.

2. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT A DIRECTED VERDICT IN DEFENDANT'S FAVOR ON COUNT IV OF THE INDICTMENT.
¶ 12. Sanders's final contention of error is that the trial court erred in failing to grant a directed verdict in his favor on Count IV of the indictment, possession of a firearm by a prior convicted felon. Motions for directed verdict test the legal sufficiency of the evidence. Stevens v. State, 808 So.2d 908, 922 (¶ 46) (Miss.2002). In reviewing denials of motions for directed verdict, "this Court must accept as true all the evidence which supports the guilty verdict without weighing the credibility of the evidence on appeal." Id. The evidence is viewed in the light most favorable to the State. Id. This Court is authorized to reverse only where "reasonable and fair-minded jurors could only find the accused not guilty." Id.
¶ 13. Sanders contends that the State did not present sufficient evidence to convict him on the charge of possession of a firearm by a prior convicted felon. Specifically, Sanders asserts that the State did not present any evidence of his prior convictions. The State maintains that Sanders agreed to stipulate to the fact that he was a prior convicted felon, that Sanders's attorney informed the jurors during the jury selection process that Sanders was a prior-convicted *59 felon, and that the State submitted Sanders's prior felonies during the sentencing hearing. The only indication that the defense would not contest Sanders's prior felony conviction came during voir dire by defense counsel and the issue was raised at that time in the context, not of the necessary elements of the State's proof, but rather as to whether any potential jurors would be prejudiced by the fact of such prior conviction. No formal stipulation of the prior was entered after the jury was seated and the evidentiary phase of the trial began. We do not find defense counsel's statements during voir dire to be enough to constitute a binding stipulation of an essential element of the State's proof. In the absence of such a formal stipulation, evidence of prior felony convictions must be presented to the jury in order for the jury to find the defendant guilty of possession of a firearm by a prior convicted felon. Evans v. State, 802 So.2d 137, 140 (¶ 8) (Miss.Ct.App.2001). The State failed to present any evidence of Sanders's prior convictions to the jury during the course of the trial. For this reason, we reverse Sanders's conviction on Count IV.

CONCLUSION
¶ 14. Sanders's attorney did not render ineffective assistance of counsel. The State failed to present evidence of Sanders's prior convictions to support a guilty verdict on Count IV, possession of a firearm by a prior-convicted felon. The guilty verdict and sentence on Count IV are reversed. The verdict and sentences on the remaining counts are affirmed.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION AS AN HABITUAL OFFENDER ON COUNT I, KIDNAPING, AND SENTENCE OF LIFE; COUNT II, CAPITAL RAPE, AND SENTENCE OF LIFE; AND COUNT III, SEXUAL BATTERY, AND SENTENCE OF THIRTY YEARS MANDATORY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE SENTENCES OF COUNTS II AND III TO RUN CONCURRENTLY TO COUNT I. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION ON COUNT IV IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, AND CHANDLER, JJ., CONCUR. IRVING, J. CONCURS IN RESULT ONLY. BRANTLEY, J., CONCURS ON COUNTS I, II, AND III AND DISSENTS WITHOUT WRITTEN OPINION ON COUNT IV.