IRVING, J.,
 

 for the Court.
 

 ¶ 1. Four months after pleading guilty in the Lincoln County Circuit Court to the crime of statutory rape, Roderick D. Hooks filed a motion for a reduction of sentence, which was treated by the circuit court as a motion for post-conviction relief (PCR) and summarily denied. Approximately two years later, Hooks filed a PCR motion, which also was summarily denied by the circuit court. Feeling aggrieved, Hooks appeals and asserts that the court erred in denying his latter motion because he possessed newly-discovered evidence of his innocence.
 

 ¶ 2. Finding no reversible error, we affirm.
 

 FACTS
 

 ¶ 3. On September 16, 2005, Hooks pleaded guilty in the Lincoln County Circuit Court to the crime of statutory rape. The circuit court sentenced him to fifteen years in the custody of the Mississippi Department of Corrections, with eight years to serve and seven years of post-release supervision. On January 10, 2006, Hooks filed a motion, requesting a reduction of his sentence. The motion stated, inter alia, that the victim had told Hooks that she was nineteen years of age. In support of the motion, Hooks attached an affidavit of a Phyllis Henderson.
 
 [1]
 
 The affidavit stated, without elaborating, that the affiant believed that Hooks should not have to serve any time. As stated, the circuit court treated the motion as a motion for post-conviction relief and denied it on January 18, 2006.
 

 
 *384
 
 ¶ 4. On June 29, 2006, the circuit court issued a three-page order denying Hooks’s PCR motion. This order specifically found that Hooks’s plea was entered voluntarily and that he was not rendered ineffective assistance of counsel.
 
 [2]
 

 ¶ 5. On January 22, 2008, Hooks filed a PCR motion in which he alleged that his victim, via an affidavit, had recanted. This motion was based on alleged newly-discovered evidence in the form of two affidavits. The first affidavit was from his victim, and the second was from his victim’s mother. The victim’s affidavit stated that the victim misrepresented herself to Hooks as older than she actually was, while the mother’s affidavit stated that the victim had a habit of misrepresenting her age and that this could be misleading if the person did not personally know the victim. However, neither affidavit stated that the sexual encounter between Hook and the victim did not take place.
 

 ¶ 6. On August 19, 2008, the circuit court denied the relief requested by Hooks on the basis that Hooks’s 2008 PCR motion was barred as a successive writ. The court found that all of Hooks’s contentions had been addressed in his previous PCR motion.
 

 ¶ 7. Additional facts will be related, as necessary, during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 8. When reviewing a trial court’s denial of a PCR motion, we “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised!,] the applicable standard of review is de novo.”
 
 Moore v. State,
 
 986 So.2d 928, 932(13) (Miss.2008) (quoting
 
 Callins v. State,
 
 975 So.2d 219, 222(8) (Miss.2008)).
 

 ¶ 9. We find that Hooks’s motion was properly denied by the circuit court as a successive writ. In his appeal, Hooks essentially raises two arguments: first, that his motion was dismissed even though he had newly-discovered evidence, and second, that his plea was involuntary and that he received ineffective assistance of counsel. Hooks requests that his conviction be vacated or, in the alternative, that he be granted an evidentiary hearing.
 

 ¶ 10. We find that the court was correct in finding that the two affidavits presented by Hooks do not constitute newly-discovered evidence. The law is clear in this state that “neither consent nor ‘mistake of age’ is a defense to capital or statutory rape.”
 
 Daniels v. State,
 
 742 So.2d 1140, 1144(12) (Miss.1999) (quoting
 
 Collins v. State,
 
 691 So.2d 918, 920 (Miss.1997)). In order to support the overturning of a conviction, newly-discovered evidence must be “of such nature that [it] would be practically conclusive that it would cause a different result.”
 
 In re Hill,
 
 460 So.2d 792, 796 (Miss.1984) (quoting
 
 Lang v. State,
 
 230 Miss. 147, 171-72, 92 So.2d 670, 675-76 (1957)). Therefore, even if the affidavits were new evidence, they would not constitute newly-discovered evidence sufficient to cause a different result in Hooks’s conviction. Hooks’s contentions that the affidavits constitute newly-discovered evidence are wholly without merit.
 

 ¶ 11. Mississippi Code Annotated section 99-39-23(6) (Supp.2009) bars successive PCR motions:
 

 The order ... dismissing the prisoner’s motion or otherwise denying relief under [the Mississippi Uniform Post-Convic
 
 *385
 
 tion Collateral Relief Act] is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under the [the Mississippi Uniform Post-Conviction Collateral Relief Act]. Excepted from this prohibition is a motion filed under Section 99-19-57(2), raising the issue of the offender’s supervening mental illness.... Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise exempted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
 

 Although Hooks’s motion for reduction of sentence, which was filed on January 10, 2006, was not styled as a PCR motion, it was treated as such, as the matter raised in it could only be addressed at that time via a motion for post-conviction relief. Therefore, the PCR motion filed by Hooks on January 22, 2008, was a second or successive motion that is barred by section 99 — 39—28(6).
 
 [3]
 
 Nothing else raised in Hooks’s January 22 PCR motion would overcome the successive-writ bar in section 99-39-23(6). Even if we did not consider Hooks’s motion for reduction of sentence as a PCR motion, thereby allowing the January 22, 2008, PCR motion to be treated as the first PCR motion, we still would find that the circuit court properly denied the motion. That would still be the end result, because the two additional claims raised by Hooks — his plea was involuntary, and his counsel was ineffective — are based on Hooks’s mistaken notion that having sexual intercourse with a child beneath the age of consent is not statutory rape if the child misled him regarding her age. Therefore, Hooks’s issues, even if considered on the merits, do not require that any relief be granted. We can discern no basis for reversing the circuit court’s denial of relief to Hooks. Therefore, we affirm.
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . The victim’s mother’s name is Phyllis Harris. However, it is not clear from the record whether Phyllis Henderson and Phyllis Harris are one and the same person.
 

 [2]
 

 . The record does not reflect that Hooks filed any additional pleading between January 18, 2006, and June 29, 2006, to necessitate the issuance of this order.
 

 [3]
 

 . There is an order in the record dated June 29, 2006, denying a PCR motion allegedly filed by Hooks. The order does not make reference to any specific PCR motion. After scouring the record, we are unable to find any PCR motion filed between the date of the filing of the motion for reduction of sentence on January 6, 2006, and June 29, 2006, the date of the second order denying post-conviction relief. The January 6 motion was denied on January 18, just twelve days after its filing.