KING, C.J.,
 

 for the Court:
 

 ¶ 1. Glenn M. Kelly entered a guilty plea in the Hinds County Circuit Court to a charge of statutory rape. Kelly was sentenced to serve five years, with four years and 363 days suspended, and five years of probation in the custody of the Mississippi Department of Corrections (MDOC). Subsequently, Kelly filed a motion for post-conviction relief alleging that he was not aware of the victim’s age at the time they engaged in sexual relations. The trial court denied the motion, and Kelly appealed.
 

 ¶ 2. Finding no error, we affirm.
 

 FACTS
 

 ¶ 3. On July 17, 2006, Kelly was charged with the offense of statutory rape of a female at least fourteen years of age, but under sixteen years old, pursuant to Mississippi Code Annotated section 97-3-65(l)(a) (Supp.2010). On May 21, 2008, Kelly, upon the advice of his attorney, entered a plea of guilty before the Circuit Court of Hinds County. Kelly filed a sworn petition admitting his guilt. Kelly’s counsel certified that he was satisfied that Kelly understood the contents of his petition, and he was executing the petition voluntarily and intelligently. Kelly maintained his guilt during the plea hearing and the sentencing hearing. The trial court found that the plea was voluntarily and intelligently entered.
 

 ¶ 4. Kelly was sentenced to serve five years, with four years and 363 days suspended, and five years of probation in the custody of the MDOC. The terms of the probation included that Kelly have no further contact with the victim and that he register as a sex offender. On July 23, 2009, Kelly filed a motion for post-conviction relief. In his motion, Kelly argued that he did not know the age of the fourteen-year-old girl with whom he admitted
 
 *1149
 
 to having sexual relations. Kelly had no affidavits other than one from the victim. The trial court denied the motion.
 

 ANALYSIS
 

 ¶ 5. Kelly argues that the motion for post-conviction relief was properly before the court because evidence, not available at the time of trial, is now available in the form of an affidavit from the victim. In the affidavit, the victim admits to lying to Kelly about her age and to consenting to the sexual encounter. Kelly further argues that his guilty plea was entered involuntarily and as a result of ineffective assistance of counsel.
 

 ¶ 6. In reviewing a trial court’s decision to deny a motion for post-conviction relief, this Court will not reverse such a denial absent a finding that the trial court’s decision was “clearly erroneous.”
 
 Morris v. State,
 
 29 So.Sd 98, 100 (¶4) (Miss.Ct.App.2010) (citation omitted). However, issues of law are reviewed de novo.
 
 Id.
 

 1. Affidavit of Victim
 

 ¶ 7. Kelly argues that the trial court erred in denying his request for post-conviction relief because he presented new evidence, not available at the time of trial, in the form of an affidavit from the victim. In the affidavit, the victim admits to lying to Kelly about her age and to consenting to the sexual encounter.
 

 ¶ 8. This Court has previously addressed this issue in
 
 Hooks v. State,
 
 22 So.3d 382 (Miss.Ct.App.2009). The facts in
 
 Hooks
 
 are similar to the instant case. In
 
 Hooks,
 
 the defendant pled guilty to statutory rape.
 
 Id.
 
 at 383 (¶ 3). Hooks subsequently filed a motion for post-conviction relief, and in support of his motion, Hooks attached affidavits from both the victim and the victim’s mother. The victim’s affidavit stated that she had misrepresented her age to Kelly. The victim’s mother’s affidavit stated that the victim had a habit of misrepresenting her age.
 
 Id.
 
 at 384 (¶ 5). This Court responded to Hooks’s argument by stating:
 

 We find that the court was correct in finding that the two affidavits presented by Hooks do not constitute newly-discovered evidence. The law is clear in this state that “neither consent nor ‘mistake of age’ is a defense to capital or statutory rape.” In order to support the overturning of a conviction, newly-discovered evidence must be “of such nature that [it] would be practically conclusive that it would cause a different result.” Therefore, even if the affidavits were new evidence, they would not constitute newly-discovered evidence sufficient to cause a different result in Hooks’s conviction. Hooks’s contentions that the affidavits constitute newly-discovered evidence are wholly without merit.
 

 Id.
 
 at (¶ 10) (citations omitted).
 

 ¶ 9. Accordingly, Kelly’s contention that the affidavit constitutes newly discovered evidence is without merit.
 

 2. Involuntary Guilty Plea
 

 ¶ 10. Kelly claims that he is innocent because he was unaware of his victim’s age. Kelly argues that he reluctantly pled guilty based on the advice of his attorney; therefore, his plea was involuntary. To be enforceable, a defendant’s guilty plea must be voluntary and be the product of the defendant’s informed consent.
 
 Myers v. State,
 
 583 So.2d 174, 177 (Miss.1991).
 

 ¶ 11. The record reflects that Kelly’s plea was voluntarily and intelligently entered. Kelly admitted in his petition to enter a guilty plea that he understood the
 
 *1150
 
 elements of statutory rape and was guilty of committing the crime. Kelly maintained his guilt during the plea hearing and the sentencing hearing. Great weight is given to statements made under oath and in open court during sentencing.
 
 Mowdy v. State,
 
 638 So.2d 738, 743 (Miss.1994). In addition, Kelly’s counsel certified that he had discussed the contents of the petition and was satisfied Kelly understood the elements of the crime and the consequences of entering a guilty plea. Kelly admitted to having sexual intercourse with the victim at a time when she was fourteen years old and more than thirty-six months younger than he was. Therefore, the trial court correctly found that Kelly’s guilty plea was voluntarily and intelligently entered. This issue is without merit.
 

 3. Ineffective Assistance of Counsel
 

 ¶ 12. Kelly argues that he was not given effective assistance of counsel because his attorney recommended a guilty plea even though Kelly continuously maintained that he had no knowledge of the victim’s age and that he did not knowingly and intentionally commit any crime. Kelly further claims that his attorney failed to inform him of the plea agreement and its consequences. For Kelly to be successful in his claim of ineffective assistance of counsel, he must satisfy the two-prong test set forth in
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Kelly must prove that: (1) “counsel’s performance was deficient,” and (2) “the deficient performance prejudiced the defense.”
 
 Id.
 
 at 693, 104 S.Ct. 2052.
 

 ¶ 13. The United States Supreme Court has held that the test applies to guilty pleas based on ineffective assistance of counsel.
 
 Hill v. Lockhart,
 
 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The Supreme Court stated:
 

 In many guilty plea cases, the “prejudice” inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error “prejudiced” the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the “prejudice” inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.
 

 Id.
 
 at 59-60, 106 S.Ct. 366.
 

 ¶ 14. Kelly’s claim fails on its face due to its failure to delineate facts that, if proven, would show the likelihood of success at trial. The Mississippi Supreme Court has held that statutory rape is a “strict liability” crime; therefore, neither mistake of age nor consent is a defense to the crime.
 
 Collins v. State,
 
 691 So.2d 918, 924 (Miss.1997);
 
 Sanders v. State,
 
 825 So.2d 53, 57 (¶ 8) (Miss.Ct.App.2002). As a result of entering a guilty plea, Kelly was sentenced to prison for five years, but four years and 363 days of his sentence was suspended. Accordingly, we find that Kelly failed to allege the kind of “prejudice” necessary to satisfy the second prong of
 
 *1151
 
 the
 
 Strickland
 
 test. This issue is without merit.
 

 ¶ 15. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.