## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2014-KA-00787-COA

**CHRISTOPHER GRADY A/K/A CHRISTOPHER V. GRADY A/K/A CHRISTOPHER VANSHONE GRADY**                                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/25/2013 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCED TO THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED UNDER THE TERMS AND CONDITIONS OF POST-RELEASE SUPERVISION, AND ORDERED TO PAY A FINE OF $2,000 |
| DISPOSITION: | AFFIRMED: 09/08/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., MAXWELL AND FAIR, JJ.

### FAIR, J., FOR THE COURT:

¶1. Christopher Grady was convicted of possession of a controlled substance and sentenced to thirty years' imprisonment. He appeals his conviction, claiming that his

counsel's failure to move to suppress the marijuana found during an illegal search and seizure constituted ineffective assistance of counsel. Because we find this issue, the only issue he asserts, is appropriate for a petition for postconviction relief, we dismiss Grady's ineffective assistance of counsel claim without prejudice.

**FACTS**

¶2. On the evening of October 25, 2012, Officer Jon Rice pulled Grady over for a nonfunctioning headlight. Grady had a passenger in the vehicle. While Officer Rice ran Grady's license plate, he noticed Grady standing near the bumper of the police car. Officer Rice immediately exited the police car, asked Grady for his driver's license, and placed Grady back in his own vehicle. A check of Grady's drivers license showed it was suspended. At that point, Officer Rice engaged in what he called "verbal judo" with Grady, i.e., befriending him and asking him about possible contraband in the vehicle. Officer Rice testified at trial that when he first approached the vehicle, he saw a "green leafy substance" in a white plastic bag sticking out from a suitcase in the back seat. He stated that he could also smell a strong odor of raw marijuana coming from the vehicle.

¶3. Officer Rice testified that he initially arrested Grady for driving with a suspended license. After he removed Grady and the passenger from the vehicle, he performed a search incident to arrest. Office Rice then placed Grady in the back of his police car. With the passenger standing near the rear of Grady's vehicle, Officer Rice searched the passenger side of the vehicle. Next, Officer Rice went to the back seat, where he said he had seen the

2

"green leafy substance" sticking out of the suitcase when he first approached the vehicle. He unzipped the suitcase and recovered 10.66 kilograms, or roughly 23 pounds, of marijuana from Grady's vehicle.

¶4. Officer Rice was wearing a body camera on the night he arrested Grady. The State introduced the camera's video footage into evidence. Officer Rice first turned on the camera when he placed Grady back in his vehicle before questioning. The video somewhat contradicted Officer's Rice's testimony. For example, he did not appear to notice the presence of marijuana until he pulled the suitcase out of the vehicle. Grady's counsel did not challenge the validity of the search.

¶5. Grady's defense at trial was that the marijuana belonged to his brother. The jury found Grady guilty, and he was sentenced to thirty years in the Mississippi Department of Corrections, with five years suspended and twenty-five to serve.

## DISCUSSION

¶6. Grady claims that defense counsel's failure to move to suppress the marijuana found during an illegal search and seizure amounted to ineffective assistance of counsel. The State responds that defense counsel's decision not to object to the evidence was strategic, and therefore "fails to trigger an analysis of ineffectiveness." *See, e.g., Hall v. State*, 735 So. 2d 1124, 1127 (¶10) (Miss. Ct. App. 1999) (stating that having a trial strategy negates an ineffective assistance of counsel claim, despite counsel's insufficiencies).

¶7. Mississippi Rule of Appellate Procedure 22(b) addresses the propriety of raising the

issue of ineffective assistance of counsel on direct appeal:

> Issues which may be raised in post-conviction proceedings may also be raised on direct appeal if such issues are based on facts fully apparent from the record. Where the appellant is represented by counsel who did not represent the appellant at trial, the failure to raise such issues on direct appeal shall constitute a waiver barring consideration of the issues in post-conviction proceedings.

¶8. Further, the Mississippi Supreme Court has stated:

> It is unusual for this [c]ourt to consider a claim of ineffective assistance of counsel when the claim is made on direct appeal. This is because we are limited to the trial court record in our review of the claim[,] and there is usually insufficient evidence within the record to evaluate the claim . . . . [W]here the record cannot support an ineffective assistance of counsel claim on direct appeal, the appropriate conclusion is to deny relief, preserving the defendant's right to argue the same issue through a petition for post-conviction relief. This Court will rule on the merits on the rare occasions where (1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.

*Wilcher v. State*, 863 So. 2d 776, 825 (¶171) (Miss. 2003) (internal citations and quotations omitted). The record does not affirmatively indicate that Grady suffered denial of effective assistance of counsel of constitutional dimensions. Nor have the parties stipulated that the record was adequate to allow the appellate court to make a finding without considering the findings of fact by the trial judge. As a result, we decline to address this issue without prejudice to Grady's right to seek postconviction relief if he chooses to do so.

¶9. This Court hereby dismisses Grady's ineffective assistance of counsel claim without prejudice to his ability to raise it in postconviction proceedings.

4

¶10.   **THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED UNDER THE TERMS AND CONDITIONS OF POST-RELEASE SUPERVISION, AND ORDERED TO PAY A FINE OF $2,000, IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**